(No. 17676.—Judgment reversed and award set aside.)
NELSON BROS. & CO. Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(FRANK DRURY, Defendant in Error.)

*Opinion filed April 21, 1928.*

1. WORKMEN'S COMPENSATION—*what determines whether party is employee or independent contractor.* Whether a party working for another is an employee or an independent contractor depends upon the facts of the particular case, but the right to control the manner of doing the work is the principal consideration, and the fact that payment is to be made by the piece or the job or the day or the hour does not necessarily control.

2. SAME—*who is an independent contractor.* An independent contractor is one who undertakes to produce a given result or to do a specific piece of work, furnishing his own assistance and executing the work either entirely in accordance with his own ideas or in accordance with a plan previously given him, and who, in respect to details or things not specified, is not subject to the orders or control of the person for whom he does the work.

3. SAME—*when carpenter is an independent contractor.* A carpenter who has his own shop and who undertakes to saw up a specified amount of lumber for a firm of contractors and builders, who delivered the lumber to him and made no reservation as to the manner of doing the work except to specify the size of lumber they wanted and when it was to be finished, is an independent contractor and not an employee within the meaning of the Compensation act.

WRIT OF ERROR to the Circuit Court of Jersey county; the Hon. E. S. SMITH, Judge, presiding.

D. E. KEEFE, (HAROLD G. BAKER, of counsel,) for plaintiff in error.

R. C. CHAPPELL, for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

The Industrial Commission made an award against Nelson Bros. & Co. on account of personal injuries sustained by Frank Drury. The award was confirmed by the circuit court of Jersey county, and the case is before this court on a writ of error.

The evidence shows that Drury was a carpenter and contractor at Jerseyville, Illinois. He had a shop on the rear of the lot where he lived, and in this shop he had certain machinery, including a combination planer and saw. On his shop he had a sign which read, "Carpenter and Jobbing Shop." He did various kinds of work for persons who needed his services and he employed help to assist him when necessary. Nelson Bros. & Co. were contractors and builders in Jerseyville. On October 5, 1923, Nelson Bros. & Co. had some pieces of lumber four inches by six which they wanted sawed into pieces two inches by four. Drury was engaged to do the work, for which he was to receive $1.25 per hour for his labor and the use of his machine. The lumber was sent to Drury's shop. While he was engaged in doing the work his right hand came in contact with the saw and was seriously and permanently injured. Drury claims that he was an employee of Nelson Bros. & Co. and that they were liable under the Compensation act. They claim that Drury was an independent contractor and that they were not liable under the Compensation act.

Section 5 of the Compensation act (Smith's Stat. 1923, p. 1332,) provides that the term "employee" shall be construed to mean every person in the service of another under any contract of hire, express or implied, oral or written. It is impossible to lay down a hard and fast general rule or state definite facts by which the status of men working and contracting together can definitely be defined in all cases

as employees or independent contractors.   Each case must depend on its own facts.   Ordinarily no one feature of the relation is determinative but all must be construed together. (*Bristol & Gale Co.* v. *Industrial Com.* 292 Ill. 16.)   The right to control the manner of doing the work is the principal consideration which determines whether the worker is an employee or an independent contractor.   (*Decatur Railway and Light Co.* v. *Industrial Board,* 276 Ill. 472.) The test of the relationship is the right to control.   It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent.   An independent contractor is one who undertakes to produce a given result but in the actual execution of the work he is not under the orders or control of the person for whom he does the work but may use his own discretion in things not specified.   An independent contractor is one who contracts to do a specific piece of work, furnishing his own assistance and executing the work either entirely in accordance with his own ideas or in accordance with a plan previously given him by the person for whom the work is done, without his being subject to the orders of the latter in respect to the details of the work.   (*LaMay* v. *Industrial Com.* 292 Ill. 76; *Meredosia Drainage District* v. *Industrial Com.* 285 id. 68.)   If the person for whom the work is being done retains the right to control the details and the manner and method by which the work is to be done the relation of employer and employee exists.   The fact that payment is to be made by the piece or the job or the day or the hour does not necessarily control where the workman is subject to the control of the employer as an employee and not as a contractor.   *Franklin Coal Co.* v. *Industrial Com.* 296 Ill. 329; *Amalgamated Roofing Co.* v. *Travelers Ins. Co.* 300 id. 487.

In this case Drury owned and operated a carpenter and jobbing shop located on his own premises, equipped with

his own machinery. He accepted work from all who desired his services. He employed men to assist him when necessary. He performed the work on the various jobs at such times as he saw fit. No one had any control over him in these respects. All he was required to do, as far as the job in question was concerned, was to finish the work at the time specified and according to the general directions of Nelson Bros. & Co. The directions were to saw the lumber into pieces of a specified size. How he was to accomplish this result was left to his own discretion. Nelson Bros. & Co. retained no control over him as to the details or the means or methods to be employed or as to the hours he should work. It is true, as contended by Drury, that Nelson Bros. & Co. had the right, in the first instance, to determine how much work they would give him to do, and if their contract did not provide to the contrary they had the right to terminate the contract during the progress of the work. It is contended that these rights were equivalent to authority to discharge him; that this was one of the elements necessary to constitute a contract of employment, and he was therefore not an independent contractor. We do not think these facts were controlling or conclusive. The real test was the right to control the manner of doing the work, and no such right was reserved. Under the evidence Drury was an independent contractor, he did not come within the provisions of the Compensation act, the Industrial Commission was in error in making an award in his favor, and the circuit court was in error in confirming the award.

The judgment of the circuit court will be reversed and the award of the Industrial Commission will be set aside.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment reversed and award set aside.*