(No. 19489.—

ROBERT W. BESSE, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(CHARLES E. KEISER, Defendant in Error.)

*Opinion filed October 19, 1929.*

WILLIAM GREENE, and H. L. HOWARD, for plaintiff in error.

H. A. BROOKS, for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Charles E. Keiser filed with the Industrial Commission a claim for compensation for an accidental injury which he alleged he suffered while employed by Robert W. Besse. The arbitrator awarded him $14 per week for nineteen

weeks, the period of temporary total incapacity for work, and $751 for necessary first aid, medical, surgical and hospital services. The Industrial Commission, on review, approved the arbitrator's award. The circuit court of Whiteside county confirmed the decision of the commission, and by a writ of error the record is here for a further review.

The claimant, Keiser, is a plasterer and Besse is the State's attorney of Whiteside county, and both reside in the city of Sterling. Keiser had built a sidewalk, plastered a mantel and repaired a basement for Besse prior to the time he suffered the injuries for which he claims compensation. On each of these occasions Keiser employed his assistants and furnished the necessary tools and materials. Subsequently, according to Keiser's testimony, Besse, speaking with respect to his residence, inquired what it would cost to repair a cistern and to point a chimney, and when Keiser answered that he did not know, Besse told him to do the work and to furnish the materials. Keiser, assisted by a boy whom he employed, undertook both jobs. With the exception of a ladder which he borrowed from Besse, Keiser used his own tools. In the course of his work Keiser climbed upon a porch to determine how a scaffold could be built around the chimney which he was to point, and when he descended a ladder set against the house he fell and suffered the injuries for which compensation is sought. Besse did not supervise the work.

Besse testified that he asked Keiser for an estimate of the cost of repairing the cistern; that Keiser told him the job would cost $25 or $30, and that he instructed Keiser to proceed; that while Keiser was engaged in repairing the cistern he observed that a chimney on the house needed pointing; that the witness answered, if it did, Keiser might as well do that job while he had the materials at the house; that nothing was said with respect to the time or quantity of materials required for the performance of the job; that Keiser worked when it suited his convenience and that the

witness exercised no control or supervision over him but looked to him merely for results.

Besse, the plaintiff in error, denies Keiser's right to compensation on the ground, among others, that he was an independent contractor. In our view it will not be necessary to consider any other contention.

One who contracts to do a specific piece of work and hires and controls his assistants and executes the work entirely in accordance with his own ideas or with a plan previously given him by the person for whom the work is done, without being subject to the latter's orders in respect to the details of the work, is not a servant or employee but is an independent contractor. (*Nelson Bros. & Co.* v. *Industrial Com.* 330 Ill. 27; *LaMay* v. *Industrial Com.* 292 id. 76; *Meredosia Levee District* v. *Industrial Com.* 285 id. 68.) An independent contractor is one who renders service in the course of an occupation representing the will of the person for whom the work is done only as to the result of the work and not as to the means by which it is accomplished. (2 Thompson on Negligence, sec. 22, p. 899; *LaMay* v. *Industrial Com. supra.*) The right to control the manner of doing the work is an important consideration in determining whether the worker is an employee or an independent contractor. *Nelson Bros. & Co.* v. *Industrial Com. supra; Decatur Railway and Light Co.* v. *Industrial Board,* 276 Ill. 472; *Meredosia Levee District* v. *Industrial Com. supra.*

Keiser accepted work from all who desired his services and he employed his assistants when necessary. With respect to the jobs in question he hired his assistant, furnished the tools and supplied the materials. Besse did not attempt to direct Keiser as he would an employee, nor did he concern himself with the details of the work to be done. He retained no control or supervision over Keiser concerning hours or methods of work, and the manner of performance was left solely to the latter's discretion. Keiser had a re-

sponsibility to Besse, but it was for the results which Besse sought to obtain. Under these circumstances the work in which Keiser was engaged at the time he was injured brought him within the definition of an independent contractor, and as such he is not entitled to compensation under the Workmen's Compensation act. *Nelson Bros. & Co.* v. *Industrial Com. supra; LaMay* v. *Industrial Com. supra; Meredosia Levee District* v. *Industrial Com. supra.*

The judgment of the circuit court is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed and award set aside.*