(No. 21042.

The Panther Creek Mines, Inc., Defendant in Error, *vs.* The Industrial Commission *et al.*—(Frank Silverstrucci, Plaintiff in Error.)

*Opinion filed February 19, 1932.*

John G. Friedmeyer, for plaintiff in error.

Hoopes & Pefferle, for defendant in error.

Mr. Justice Heard delivered the opinion of the court:

Plaintiff in error, Frank Silverstrucci, filed a claim with the Industrial Commission for compensation under the Workmen's Compensation act for an accidental injury alleged to have been sustained by him in the course and scope of his employment by the Panther Creek Mines. Upon a hearing before an arbitrator the arbitrator found in favor of Silverstrucci, and he was given an award against the mines company for the sum of $181.44, being the amount that had accrued from the 13th day of March, 1930, to the 6th day of June, 1930, and the further sum of $197.38 for necessary first aid, medical, surgical and the hospital services. On review by the Industrial Commission the

award of the arbitrator was confirmed. On review by the circuit court of Sangamon county on *certiorari* the award of the Industrial Commission was vacated and set aside. The cause is brought here by Silverstrucci, by leave of this court, on writ of error.

Prior to the taking of evidence it was stipulated that the questions in dispute are, as to whether it was an accident on March 13, 1930, whether it arose out of the employment, the nature and extent of the injury, and the amount of compensation due, if any.

Silverstrucci testified that he was working at the Panther Creek Mines on March 13, 1930, shoveling coal into a car; that he stepped on some coal, slipped and hurt his left side and immediately began to suffer pain near the navel; that he never had any pain in that region before; that he continued to work the rest of the day, not thinking it was anything serious, and worked three days afterwards in the mine, but noticed he was suffering more pain every day and seemed to be getting worse instead of better; that on the 18th of March he had a swelling in the abdomen and groin; that he did not go to work on that day and then noticed that his navel had come out; that after that he went to see Dr. Chamness in Carlinville, where he lived; that he notified them at the mine on March 22; that he told Frank Keller at the office of the mine what happened to him and Keller gave him a slip to go to Dr. Deal, in Springfield; that at about three o'clock on the same day Dr. Deal looked at him and then sent him to Dr. Morgan on Saturday afternoon, and Morgan told him to come Monday, March 24, at which time he returned to Morgan and talked to him about four o'clock in the afternoon; that Morgan took witness to Dr. Bernard; that Morgan talked to Dr. Bernard about twenty minutes before they took him in; that Dr. Bernard said: "Oh, you got a strain in the left side; you keep hot water on it and you will get along; you ain't got anything at all; you are able to work;" that

he went to work again March 28 and tried to work; that he stayed there until half-past ten and tried to load a car; that he could not work because this hurt him in the ribs and came out swelled up; that after that he went to Dr. Chamness; that after he went to Dr. Chamness he went to Dr. Compton; that he went to the hospital on the 11th of April and had an operation by Drs. Compton and Rolens at St. John's Hospital for a rupture; that he was in the hospital twenty-three days, until May 2, and that he had not gone back to work yet and still suffered pain.

Silverstrucci was the only witness who testified as to the manner in which the injury was incurred. Several doctors testified, and while all of them agreed that there was a rupture there was some disagreement as to whether it could have been caused in the manner stated by Silverstrucci, the greater number stating that it could have been so caused. No other cause was shown by the evidence, and there was no evidence showing that Silverstrucci had been troubled with this rupture before the time of the alleged accident. It is only where the decision of the Industrial Commission is without substantial foundation in the evidence or its finding is manifestly against the weight of the evidence that such finding will be set aside. (*Allen-Garcia Co.* v. *Industrial Com.* 334 Ill. 390; *Railroad Water Co.* v. *Industrial Com.* id. 52; *City of Rochelle* v. *Industrial Com.* 332 id. 386.) In this case the finding of the Industrial Commission had a substantial foundation in the evidence and it was not manifestly against the weight of the evidence. It was therefore error for the circuit court to set aside such award.

The judgment of the circuit court is reversed and the cause remanded to that court, with directions to enter a decree confirming the finding of the Industrial Commission.

*Reversed and remanded, with directions.*