(No. 21099

CLARENCE LONG, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE CONSOLIDATED COAL COMPANY OF ST. LOUIS, Plaintiff in Error.)

*Opinion filed February 19, 1932.*

EDGAR P. HOLLY, (JOSIAH WHITNEL, and H. L. BROWNING, of counsel,) for plaintiff in error.

J. ROY BROWNING, and LAN HANEY, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

By leave of this court plaintiff in error, the Consolidated Coal Company of St. Louis, has sued out a writ of error to review a judgment of the circuit court of Williamson county vacating and setting aside an order of the Industrial Commission, under the Workmen's Compensation act, in plaintiff in error's favor, setting aside an award of an arbitrator against it and in favor of Clarence Long and confirming the award of the arbitrator, which ordered plaintiff in error to pay Long $19 per week for eleven weeks and $19 per week for the further period of twenty-two and one-half weeks as compensation for an accidental injury suffered by Long in the scope and course of his employ-

ment by plaintiff in error, which injury caused ten per cent permanent loss of the use of his left arm.

Long, on March 14, 1929, while in the employ of plaintiff in error, sustained an accidental injury. He was a coal miner, and the day of the injury he, with others, was engaged in mining and loading coal in one of several entries in plaintiff in error's mine. The car which they were loading being filled and there being present no regular motorman whose duty it was to take out the loaded cars and replace them with empties, Long got a wireman's motor which was in an entry in the same territory as that in which he was working, took out the loaded car and was bringing in an empty when he was injured.

It is contended by plaintiff in error that Long was employed to do a certain service and was injured in the performance of a different service voluntarily undertaken and that in such case the master is not liable, and that where a servant voluntarily and without direction from the master, and without his acquiescence, goes into hazardous work outside of his contract of hiring, he puts himself beyond the protection of the master's implied undertaking, citing *Lumaghi Coal Co.* v. *Industrial Com.* 318 Ill. 151, and other cases. No written rule of the company prohibiting Long's use of the motor for the purpose for which he used it was shown by the evidence, although one who was the mine manager while Long was working in the mine, and the face boss under whose supervision Long was working at the time of the injury but who was not then present, were witnesses. The face boss testified: "At no time prior to that date had I given him permission to use a motor and I had never prior to that time seen him use a motor, nor had I seen the other men in and about the mine use motors excepting the fellows that were being paid to operate the same. Those were the motormen hired for that particular purpose, whose duty it was to pull coal from the fellows. They were to take in empties and bring out loads. No one else, under

the rules or orders of myself, had permission to use the motor for that purpose other than the motormen who were paid for that." The extent of his authority to make rules is not shown. The ex-mine manager testified: "During the time I was mine manager I never at any time gave Mr. Long orders or permission to use motors, and I did not give him permission to use the motors in moving empties or loaded cars. There was one time Clarence Long and Fred Meyers said something about setting the motor up there—just to leave it set up there, and, when the regular motor wasn't there, to pull the cars, and I told him no; that we couldn't do that; that the regular motormen had to pull the cars; we had to have somebody to hold responsible for that locomotive." The face boss also testified that Long had asked him for permission to use the motor and that such permission was denied. Long denied that either had denied such permission, and he and others testified that the face boss on one occasion rode in a car when Long was running the motor, and he also testified that the face boss had given him permission to use the motor when the motorman was not present; that the motor was used on many occasions by himself and others when the mine manager and face boss were present and at many other times when they were not present; that otherwise the work of the entire gang would have to be suspended until such time when a motorman who was not otherwise occupied could be found and utilized. In this Long was corroborated by five other witnesses. The finding of the commission, which heard a part of the witnesses, was manifestly against the weight of the evidence, and the court did not err in setting aside its decision and confirming the award of the arbitrator.

While a court is not warranted in reversing the finding of the commission unless the award is shown to be clearly against the manifest weight of the evidence, yet it is the duty of the courts to weigh and consider the evidence in the record, and where it is found that the decision of the

commission is without substantial foundation in the evidence or against the manifest weight of the evidence such decision must be set aside. *Berry* v. *Industrial Com.* 335 Ill. 374.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*