(No. 21308.—

THE PEABODY COAL COMPANY, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JAMES LAWLER, Plaintiff in Error.)

*Opinion filed June 24, 1932.*

JOSEPH A. LONDRIGAN, for plaintiff in error.

M. J. CHERRY, for defendant in error.

Mr. CHIEF JUSTICE HEARD delivered the opinion of the court:

On August 13, 1929, James Lawler filed an application for adjustment of claim with the Industrial Commission, alleging that he received an injury to his right eye while working for the Peabody Coal Company on June 19, 1929.

A hearing was had before an arbitrator, where it was stipulated that the only questions in dispute were whether the petitioner sustained an accidental injury on June 19, 1929, arising out of and in the course of his employment, and whether he gave the employer notice of the injury within the time provided by statute, and, if he received an injury, the nature and extent thereof. After hearing evidence the arbitrator entered an award finding in favor of Lawler and entered an award in his favor against the Peabody Coal Company for $10.59 a week for eight weeks and the additional sum of $10.59 a week for a further period of 120 weeks for the permanent and complete loss of the sight of the eye. Upon review by the Industrial Commission the cause was submitted on the testimony taken before the arbitrator and the award confirmed. Upon *certiorari* the circuit court of Christian county entered a judgment finding that the decision of the Industrial Commission was manifestly against the weight of the evidence and setting the award aside. The cause is here, by leave of this court, upon writ of error.

Lawler testified that on June 19, 1929, while working for the Peabody Coal Company in its mine, he was picking a piece of rock out of the coal and a piece of coal fell out of the conveyor, striking another piece, and a little piece flew up and hit him in the right eye; that that evening on his way home he called the attention of Tom Coffey and Emmett Kaylor, who were riding with him, to his eye, which was hurting and was bloodshot; that he went to see a doctor that night; that the eye kept getting worse and he then went to see another doctor; that this doctor treated him for a time, and that on July 11, 1929, he went to a third doctor, who took out the eye. During the time he was treated by the second doctor he called up the mine top-foreman and informed him of the injury; that he also requested the two men with whom he rode home on the evening of the accident to inform the top-foreman about

the injury. Coffey and Kaylor, who were working in the mine on June 19, corroborated Lawler's testimony as to their examination of the eye, and each said that the eye was red and watery, and that within four or five days after June 19 they called up the top-foreman and informed him of Lawler's injury. The top-foreman denied that Coffey had reported the accident to him and stated that Kaylor said the injury had occurred on the hard road. There was no evidence as to the injury occurring at any time or place other than that given by Lawler, except one witness stated that he had heard on the street in Stonington that the injury had occurred on the hard road.

While in a case of this character, where it is sought to set aside the award of the commission, it is the duty of the court to weigh and consider the evidence in the record, and where it is found that the decision of the commission is without substantial foundation in the evidence or against its manifest weight the decision should be set aside, (*Long* v. *Industrial Com.* 347 Ill. 250; *Berry* v. *Industrial Com.* 335 id. 374;) yet it is only where the decision of the Industrial Commission is without substantial foundation in the evidence or its finding is manifestly against the weight of the evidence that such finding should be set aside. (*Panther Creek Mines* v. *Industrial. Com.* 347 Ill. 348; *Litchfield and Madison Railway Co.* v. *Industrial Com.* 345 id. 260; *Superior Coal Co.* v. *Industrial Com.* 336 id. 568.) In this case the finding of the Industrial Commission was not only not contrary to the manifest weight of the evidence but was in accord therewith, and the circuit court erred in setting aside the award of the commission.

The judgment of the circuit court is reversed and the award of the Industrial Commission is confirmed.

*Reversed and award of commission confirmed.*