(No. 22513.—

JOHN E. STELLWAGEN, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(EZIO FAZZI, Defendant in Error.)

*Opinion filed February 15, 1935—Rehearing denied April 3, 1935.*

Henry L. Burman, (Maurice L. Davis, of counsel,) for plaintiff in error.

Goodnow, Allaben & Snewind, and Dixon, Devine, Bracken & Dixon, (Charles D. Snewind, of counsel,) for defendant in error.

Mr. Justice Farthing delivered the opinion of the court:

This court granted a writ of error to review the judgment of the circuit court of Cook county confirming the award of the Industrial Commission in this cause.

Ezio Fazzi filed with the commission a petition for adjustment of his claim under the Workmen's Compensation act for injuries arising out of an accident which occurred on July 9, 1931. On review of the arbitrator's award in favor of him, the commission awarded Fazzi compensation at the rate of $16 a week for 300 weeks and there-

after an annual pension for life of $576, payable monthly. The propriety of this award for permanent total disability is the subject of our inquiry. Plaintiff in error, John E. Stellwagen, contends that the record fails to show that defendant in error, Fazzi, was employed by him and that his disabling injuries are permanent. It is also urged that there is no basis in the evidence for determining the amount of the award.

On July 8, 1931, John E. Stellwagen was doing a real estate business as Stellwagen & Co. He had engaged Fazzi on several occasions to repair his buildings. Fazzi was employed by the city of Chicago as a street sweeper for three days of each week. The remainder of his time he spent at petty tasks of plumbing, decorating, carpentry, and such moving of household goods as could be done with a small automobile truck. Stellwagen had used Fazzi's services on numerous occasions. Sometimes they contracted with reference to the particular job. On these occasions Fazzi would agree to furnish the labor and material for a stated price. At other times Stellwagen would pay Fazzi at the rate of one dollar an hour and pay him for whatever materials he bought. When paid by the hour Fazzi would turn over the receipts he had obtained in paying for the material but when he received a lump sum for doing the work he kept such receipts. The facts surrounding the last transaction between the parties demonstrate that the relation between them was that of employer and employee and not that of owner and independent contractor. On July 8, 1931, Fazzi went to the office of Stellwagen & Co. and asked if there was anything for him to do. He was told by Stellwagen that he could clean up the yard and repair a porch. Stellwagen agreed that Fazzi could use some old lumber of Fazzi's and that he would be paid for it. It was further agreed that if he needed other lumber he should buy it and charge it to Stellwagen's account. The rate of pay was not agreed upon there, but both parties under-

stood from their previous transactions that Fazzi was to be paid a dollar for each hour he worked. He came to work at 8:00 o'clock the next morning, and since no one was there to tell him what to do he began cleaning the yard and burning the rubbish. Stellwagen's son, William, soon arrived and told Fazzi to start to work on the porch. At Fazzi's request the son furnished him a saw and hammer. While Fazzi was measuring the porch it caved in and he fell to the ground. He was severely injured and was taken to a hospital. The extent of his injuries will be considered later.

Section 5 of the Compensation act (Smith's Stat. 1933, p. 1416,) provides that the term "employee" shall be construed to mean any person in the service of another under a contract of hire, express or implied, oral or written. The relation existing in each case is a question of fact, and the right to control the manner of doing the work is an important factor to consider in determining whether the worker is an employee or an independent contractor. (*Nelson Bros. & Co.* v. *Industrial Com.* 330 Ill. 27.) An independent contractor is one who renders service, in the course of his occupation representing the will of the person for whom the work is done only as to the result of the work and not as to the means by which it is accomplished. (*Besse* v. *Industrial Com.* 336 Ill. 283; *Amalgamated Roofing Co.* v. *Travelers Ins. Co.* 300 id. 487.) Where the evidence is conflicting, the finding of the arbitrator and the Industrial Commission, who saw and heard the witnesses, is entitled to great weight. (*Cinofsky* v. *Industrial Com.* 290 Ill. 521.) The fact that Fazzi was employed by the hour would indicate an employer-employee relationship. The two Stellwagens sought to show that they could exercise no control over Fazzi as to the details of the work. The testimony of Fazzi that he was told to leave off cleaning up the yard and start on the porch was believed by the lower tribunals and is entirely consistent

with the inherent probabilities of the case. A person working by the hour is almost always subject to the direction of his employer and may be discharged at any time. The testimony of the Stellwagens that they never exercised control over the manner Fazzi worked could be true and the same result reached, since in any event the work was not of such complex nature as to require supervision. That William Stellwagen knew he had power of control was clearly demonstrated by his evasiveness when asked if he could not have compelled Fazzi to replace a board in the porch even if the latter thought it was safe. His answer was that he would trust Fazzi's judgment as a carpenter. He denied working with Fazzi on the porch, and all the witnesses do not agree on the point. At least three of them testified that William had on a nail apron, had a hammer and was working with Fazzi on the porch. He was not shown to have been employed by Fazzi to help him in this work, as would probably have been the case had the latter been an independent contractor. The facts in this record are manifestly in accord with the findings that Fazzi was an employee and not an independent contractor.

Plaintiff in error's contention that the evidence does not support a finding of permanent total disability is likewise untenable, as a brief summary of the evidence on that point will show. Fazzi sustained a spinal injury which paralyzed his lower extremities, bowels and bladder. He suffered a compression fracture of the first lumbar vertebra. A cerebral lesion resulted, which has caused the paralysis. Fazzi's left foot is turned in as a result of the involvement of the spinal cord. The employer produced no medical testimony, and we can see no reason for disagreeing with the findings on this point.

The last contention of plaintiff in error is that there is no evidence in the record from which the award can be computed, because it is not shown what Fazzi's actual earnings were or what other persons earn in the same class

in the same employment in the same location, as required by section 10c of the Workmen's Compensation act. That section provides: "If the injured person has not been engaged in the employment of the same employer for the full year immediately preceding the accident, the compensation shall be computed according to the annual earnings which persons of the same class in the same employment and same location, (or if that be impracticable, of neighboring employments of the same kind) have earned during such period."

Fazzi contends he is under section 10e, which provides: "As to employees in employments in which it is the custom to operate for a part of the whole number of working days in each year such number, if the annual earnings are not otherwise determinable, shall be used instead of 300 as the basis for computing the annual earnings; provided the minimum number of days which shall be so used for the basis of the year's work shall be not less than 200."

The award was made on the basis of one dollar an hour for eight hours a day and the minimum of 200 days. Section 10g provides that earnings shall be based on the earnings for the number of hours commonly regarded as a day's work for that employment and excluding over-time earnings. Eight hours is commonly regarded as a day's work. (*Ruda* v. *Industrial Board,* 283 Ill. 550.) The employment of defendant in error was such that it would customarily engage him only a part of the whole number of working days, depending upon the weather and circumstances. In such case section 10e applies, and the award was properly based on a daily wage of eight dollars, multiplied by the 200-day minimum to determine the average annual earnings. *Ruda* v. *Industrial Board, supra.*

The judgment of the circuit court was right, and it is affirmed.

*Judgment affirmed.*