(No. 2511—

ROBERT SNYDER, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 24, 1938.*

GEORGE E. MARTIN, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This is a claim for compensation under the Compensation Act and claimant alleges that on the 12th day of August, 1934, he was employed by the State of Illinois in the Department of Public Works and Buildings, Division of Highways, and at the time of the accident he was engaged in lifting steel forms which were used in paving State Highway No. 147; that in lifting one of the steel forms, he had his left foot on the concrete slab and his right foot on the bank, about eighteen inches higher than the slab; that the form was covered with mud and very heavy; that he heard something ''pop'' in his back and fell to the ground and had to be assisted by a fellow-

workman to his feet, and was unable to proceed with his work.

Claimant was receiving fifty cents an hour and worked eight hours per day; had been working for the State hardly three days when the accident occurred, and says that it was four months before he was able to do any work, and at the time of his testimony he claimed to be bothered some by it. The injury was in his right hip. Shortly after the injury, Dr. Hargan taped claimant's back and gave him some medicine. The taping was renewed every two weeks and claimant remained under his care for four months. No bill was received for medical attention and the doctor died before the hearing. The last part of January and the forepart of February, claimant went to work clearing brush on a farm and worked four weeks in June, and since November, 1935, claimant worked on PWA jobs.

It has been the holding of this court that the State when engaged in the maintenance and repair of a structure, that is when such structure is commonly called hard surfaced roads, the employees of the state working in said Division are engaged in an employment governed by the provisions of the Illinois Workmen's Compensation Act.

*Manhart* vs. *State*, 8 C. C. R. 356.

No question arises as to the State having received notice of claimant's injury. It is the contention of the Attorney General that the temporary total disability was four months or sixteen weeks, and this is a fair construction of the evidence. Claimant was not in the employ of the State for a year prior to his injury and there is nothing in the record to show a full time basis the year around. Therefore, the services can be computed only under subsection (e), section 10, Illinois Workmen's Compensation Act on a basis of 200 working days. (*Stellwagon* vs. *Industrial Commission*, 359 Ill. 557). No proof of medical or hospital bills has been made and consequently no award can be made for them.

It appears that the claimant had no dependents. He was not married, but stated that he had a fourteen year old boy dependent upon him, but it does not appear why such dependency exists.

As we view this case, claimant would be entitled to an award for sixteen weeks total temporary disability. He had worked for the state only three days, and the evidence does

not disclose a full time basis the year around. His compensation was $4.00 per day and must, therefore, be based on 200 working days under the statute. This would make his annual compensation, $800.00. This sum divided by 52 weeks equals $15.38 as the average weekly wage. He would, therefore, be entitled to $7.69, pursuant to subsection (b), section 8, Illinois Workmen's Compensation Act, as his weekly compensation payment. Having been disabled for a period of sixteen weeks, he would be entitled to the sum of $123.04, and there being no proof of medical or hospital bills, and there being no evidence to show that he had suffered a permanent partial incapacity, an award in the sum of $123.04 will be made. Claimant is asking for the sum of $288.00 as compensation for a period of 24 weeks, but the proof does not sustain that claim.

An award, therefore, in the sum of $123.04 is made in favor of the claimant, Robert Snyder.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," Approved July 3, 1937 (Sess. Laws 1937 p. 83) and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.