(No. 24503.—

Louis Czerny, Defendant in Error, *vs.* The Industrial Commission *et al.*—(The Matthiessen & Hegeler Zinc Company, Plaintiff in Error.)

*Opinion filed June 15, 1938—Rehearing denied October 5, 1938.*

WILLIAM M. SCANLAN, CLARENCE GRIGGS, and HENRY KNELLER, for plaintiff in error.

BUTTERS, BUTTERS & BERRY, for defendant in error.

Mr. JUSTICE WILSON delivered the opinion of the court:

Louis Czerny, an employee of the Matthiessen & Hegeler Zinc Company in La Salle county, filed with the Industrial Commission an application for adjustment of claim, alleging that on May 2, 1932, "hot zinc splashed in petitioner's eyes while he was working before the furnace and he jumped or fell from a platform to the floor." The applicant's eyes were not seriously injured and the claim is for other bodily injuries. Temporary total disability and also complete and permanent disability were charged, and a request was made by the applicant for a pension as provided under paragraph (f) of section 8 of the Workmen's Compensation act. The arbitrator awarded Czerny compensation for a period of eleven weeks for temporary total incapacity for work, but made a special finding that there was no permanent injury and denied further compensation. The Industrial Commission set aside the arbitrator's award, found that as a result of the injury Czerny was temporarily incapacitated for work for a period of one hundred nine and six-sevenths weeks and awarded him compensation for that period. The employer took the proceeding to the circuit court of La Salle county which affirmed the decision of the Industrial Commission. The employer then petitioned this court for a writ of error, and that petition was denied.

Czerny subsequently filed a petition, under section 19h of the Workmen's Compensation act, alleging that since the decision of the Industrial Commission on review his disability had recurred and increased. The petition requested that compensation payments be reestablished and increased and that an award be entered for a further amount of temporary total compensation and compensation for per-

manent disability. The Industrial Commission found that there was no recurrence or increase of disability since the entry of the award of the arbitrator, and the petition was denied. Czerny took the proceeding by writ of *certiorari* to the circuit court of La Salle county. That court found that the disability of the petitioner had recurred and increased to such an extent that, beginning June 10, 1935, Czerny became wholly and permanently incapable of work and therefore entitled to compensation. The court set aside the decision of the Industrial Commission and ordered the Matthiessen & Hegeler Zinc Company to make payments to Czerny under its award for total and permanent incapacity for work and that Czerny should be paid a pension during his lifetime. On the petition of the employer a writ of error was allowed by this court.

The original application of Czerny, while claiming temporary total disability, also claimed complete and permanent disability. The only mention of the injury was that hot zinc splashed in petitioner's eyes while he was working before the furnace and he jumped or fell from a platform to the floor. There was no other mention of bodily injury except that, in answer to a question in the application, the applicant stated he had received treatment for his eyes and an operation for hernia was performed. In the petition for review of the decision of the arbitrator it was stated that the finding of the arbitrator was contrary to the law and the evidence and that further proof could be offered to conclusively show that the petitioner was unable to carry on any gainful occupation by reason of his injuries. The petition under section 19h recited that the petitioner sustained the accidental injuries mentioned, recited the finding of the commission and stated that the commission was unable to determine whether the disabling condition of the applicant had reached a permanent condition and that the petitioner was entitled to a further hearing to determine a further amount for temporary total compensation and

also compensation for permanent disability, as well as additional compensation because of vexatious delay. There was no other specific reference to Czerny's bodily condition.

The evidence before the arbitrator and the Industrial Commission as to the extent of Czerny's disability was conflicting. The effect of the medical testimony before the arbitrator on behalf of Czerny was that he had an inguinal hernia on both sides, and that he complained of pain in the inguinal region on both sides. The effect of the medical testimony for Matthiessen & Hegeler Zinc Company was that Czerny had a generalized weakness of the abdominal wall; that one of the doctors performed an operation on Czerny's right side in May, 1932; that he was discharged from the hospital in June thereafter, and in July, following, was pronounced fit for work.

The effect of the medical testimony on behalf of Czerny on the original hearing before the Industrial Commission was that there were masses on both sides of Czerny's body and a hernia on both sides; that Czerny was not able to perform heavy work. One of these witnesses thought that, after a major operation, Czerny could resume his regular work, and another testified that, without an operation, Czerny could not perform heavy work. The medical witnesses for the employer testified to the effect that there was no complete hernia, but there was a bulging of the muscles on the left side. One witness testified that the condition on the left side was caused by a congenitally open femoral canal, and it was the opinion of all of these witnesses that Czerny could perform manual labor. The substance of the medical testimony for Czerny on the petition under section 19h of the act, was that masses existed in the inguinal canal and that there was a small mass in the left femoral region which the doctors designated a femoral hernia, and that the conditions present interfere with or prevent Czerny's performing heavy work, and that the condition is permanent. One of these doctors also had testified on the original

hearing before the commission that the condition was permanent. The medical testimony on behalf of the employer, upon the hearing of the charge that the disability had recurred was in agreement that there was no evidence of a femoral hernia on the left side.

We have not set out at length the testimony, most of which was offered by medical witnesses, but have carefully considered it. It was not substantially different on the hearing of the petition under section 19h of the Workmen's Compensation act from that offered on the original hearing before the commission. The employee's application was for permanent and complete disability, and a finding to that effect was what he sought before the arbitrator and the Industrial Commission. Upon the Industrial Commission's award, on review, for temporary disability, Czerny elected to abide by that decision, accepted the compensation and sought no review, though the matter was pending in the circuit court on the employer's writ of *certiorari*. He subsequently filed this petition for a recurrence and increase of the disability. On this hearing the effect of the evidence on behalf of Czerny was substantially the same as that which previously had been presented to the commission.

While the principle of *res judicata* is not entirely applicable here, it is pertinent to say that the Industrial Commission passed upon the evidence on review, (subsequent to the arbitrator's finding,) and upon the hearing of the petition for a recurrence and increase of the disability. There never had been a finding of more than temporary disability by the arbitrator and Industrial Commission upon the three hearings. The additional evidence on the last hearing disclosed nothing new to indicate a change in Czerny's condition traceable to the injury or to the previous condition which may have resulted from the injury.

The employee had the burden of proving that his disability had recurred or increased since June 21, 1934. We cannot say that the Industrial Commission did not reach

280

the right result upon the hearing of the petition charging a recurrence and increase of the disability. The evidence to the contrary was not of such a nature that we can say its weight was palpably contrary to the decision of the Industrial Commission. The rule has been established by many decisions of this court that it is the province of the Industrial Commission to draw reasonable conclusions and inferences from evidentiary facts in Workmen's Compensation proceedings, and the courts are not privileged to set aside findings of the Industrial Commission on the facts unless they are manifestly against the weight of the evidence. *Rittler* v. *Industrial Com.* 351 Ill. 338; *Cook County* v. *Industrial Com.* 327 id. 79; *Joyce-Watkins Co.* v. *Industrial Com.* 325 id. 378; *Rissman & Son* v. *Industrial Com.* 323 id. 459; *Mehay* v. *Industrial Com.* 316 id. 97.

The circuit court was in error in setting aside the decision of the Industrial Commission. Its judgment is reversed and the cause is remanded, with directions to enter a judgment confirming the decision of the Industrial Commission.

*Reversed and remanded, with directions.*