(No. 3334—

CATHERINE BLAZWICH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1940.*

THOMAS A. MURPHY and FRANK R. EAGLETON, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

On June 29, 1938 one Joseph Blazwich was in the employ of the respondent as a laborer in the Division of Highways,

Department of Public Works and Buildings. His wages were fifty cents (50c) per hour for an eight-hour day and for not to exceed forty-eight (48) hours per week. On the last mentioned date said Joseph Blazwich, together with three other men, constituted a maintenance crew whose work for the day was cutting weeds on U. S. Route 51 and S. B. I. Route 179. They had completed the work cutting weeds on Route 51 near Wenona, about eight-thirty A. M. and were driving in the Division truck to the point on Route 179 where they were to continue their work. After they had proceeded about a mile, said Blazwich fell off the truck onto the pavement and was seriously injured. He was immediately taken to the office of Dr. G. T. Love in Wenona. The doctor found the patient in a critical condition, in deep shock, bruised on the right side of the skull, and paralyzed on the right side. The doctor ordered supportive treatment and had the patient removed to his home as his condition was too critical at that time to move him to the nearest hospital. The doctor called to see him twice again on that date and on the second day had him removed to St. Mary's Hospital at Streator, Illinois, where he grew progressively worse and died on July 3, 1938.

The only medical testimony in the case is that of the attending physician, Dr. Love, who stated that in his opinion that there was a direct causal connection between the injury and the death.

Said Joseph Blazwich left him surviving the claimant Catherine Blazwich, his widow, and six children, two of whom are minors, to-wit, Margaret who was born December 31, 1921 and Agnes who was born September 28, 1923.

The principal question in dispute relates to the basis upon which compensation is to be computed. The claimant contends that compensation is to be computed in accordance with paragraph (d) of section 10 of the Workmen's Compensation Act, which provides as follows, to-wit:

"As to employees in employments in which it is the custom to operate throughout the working days of the year, the annual earnings, if not otherwise determinable, shall be regarded as 300 times the average daily earnings in such computation;"

and that inasmuch as the annual earnings are not determinable from the evidence, the computation must be made upon the basis of 300 times the average daily earnings.

Respondent contends that the compensation must be computed in accordance with the provisions of Paragraph (e) of said Section 10, which provides as follows, to-wit:

"As to employees in employments in which it is the custom to operate for a part of the whole number of working days in each year, such number, if the annual earnings are not otherwise determinable, shall be used instead of 300 as a basis for computing the annual earnings: *Provided*, the minimum number of days which shall be so used for the basis of the year's work shall be not less than 200;"

and that the annual earnings must be computed upon the basis of 200 times the average daily earnings.

The determination of the question at issue involves the construction of the aforementioned Section 10 of the Compensation Act. Blazwich was in the employ of the respondent for less than one year prior to the date of his injury, and although the work of maintenance of highways is one in which it is the custom to operate throughout the working days of the year, yet the particular employment in which Blazwich was engaged at the time of his injury, to-wit, the cutting of weeds, is an employment in which it is the custom to operate for a part of the whole number of working days in each year.

In the case of *Stellwagon* vs. *Ind. Com.*, 359 Ill. 557, the employer was engaged in the real estate business and although such business apparently operated all of the working days of the year, yet the employee who did odd jobs and repair work for his employer, was engaged only in part-time work. In that case the court said:

"The employment of defendant in error was such that it would customarily engage him only a part of the whole number of working days, depending upon the weather and circumstances. In such case Section 10-e applies, and the award was properly based on a daily wage of $8.00 multiplied by the two hundred day minimum to determine the average annual earnings."

The identical question here involved was before this court in the case of *Kehoe* vs. *State*, No. 3203, decided at the November Term, 1939, of this court. In that case the deceased employee was also employed as a laborer in the maintenance department of the Division of Highways and on the date of his injury was engaged in painting a bridge on the highway. In that case, as in this, the work of painting in which the employee was engaged at the time of the accident, was an employment in which it is the custom to operate for a part of the whole number of working days in each year, although the work of maintenance continued throughout the

working days of the year. The question involved was carefully considered in that case and the decisions of our Supreme Court on the question were reviewed. After a review of the authorities, we said:

"Although the work of some of the divisions of the Highway Department continues throughout the working days of the year, yet the work in which claimant's intestate was engaged at the time of his death operated less than 200 working days during the year.

"Claimant's intestate was not engaged in the employment of the State for the full year immediately preceding the accident, and the annual earnings during such period, of persons of the same class, in the same employment and same location, does not appear from the record.

"Considering said Section 10 as a whole, and considering also the aforementioned decisions of our Supreme Court construing the meaning of such section, and considering the facts in the record, we conclude that the annual earnings of the claimant's intestate must be ascertained by multiplying his daily wage, to-wit, Four Dollars ($4.00), by the two hundred (200) day minimum."

The law as laid down in the Kehoe case is decisive of the question here involved.

Upon a consideration of the facts in the record, we find as follows:

1. That said Joseph Blazwich and the respondent were on June 29, 1938, operating under the provisions of the Workmen's Compensation Act of this State; that on said date said Joseph Blazwich sustained accidental injuries which arose out of and in the course of his employment and which resulted in his death on July 3, 1938; that notice of said accident was given to said respondent and claim for compensation on account thereof was made within the time required by the provisions of such Act; that the earnings of said Joseph Blazwich during the year next preceding the injury were Eight Hundred Dollars ($800.00), and his average weekly wage was Fifteen Dollars and Thirty-eight Cents ($15.38); that the necessary first aid, medical, surgical and hospital services were provided by respondent; that said Joseph Blazwich left him surviving Catherine Blazwich, his widow, and six children; that said widow and two of said children, to wit, Agnes, who was born September 28, 1923 and who was fourteen years of age at the time of the death of her father, and Margaret, who was born December 31, 1921 and who was sixteen years of age at the time of the death of her father, were each totally and equally dependent upon the earnings of said Joseph Blazwich for their support and maintenance.

2. That under the provisions of Section 7-a and Section 7-H-2 of the Workmen's Compensation Act, the amount of compensation to be paid by respondent on account of the death of said Joseph Blazwich is Thirty-five Hundred Fifty Dollars ($3,550.00), subject, however, to reduction when the said Agnes Blazwich arrives at the age of eighteen years, to wit, on September 28, 1941, provided she is then physically and mentally competent;—in accordance with the provisions of Section 7-a of the Workmen's Compensation Act; that said compensation is payable in weekly installments of Eleven Dollars ($11.00) commencing on July 4, 1938.

3. That the share of such compensation which otherwise would be payable to said Agnes Blazwich should be paid to her mother, Catherine Blazwich, for the support of said child.

4. That said Catherine Blazwich is entitled to have and receive from the respondent the sum of Twelve Hundred Fifty-four Dollars ($1,254.00), being the amount of compensation which has accrued from July 4, 1938 to September 9, 1940.

IT IS THEREFORE ORDERED that the share of such compensation which otherwise would be payable to said Agnes Blazwich shall be paid to her mother, Catherine Blazwich, for the support of said Agnes Blazwich.

IT IS FURTHER ORDERED that an award be entered in favor of the claimant, Catherine Blazwich, for the sum of Thirty-five Hundred Fifty Dollars ($3,550.00); subject, however, to reduction when said Agnes Blazwich arrives at the age of eighteen years, to wit, September 28, 1941, provided she is then physically and mentally competent;—in accordance with the provisions of Section 7-a of the Workmen's Compensation Act.

IT IS FURTHER ORDERED that such award be payable as follows: the sum of Twelve Hundred Fifty-four Dollars ($1,254.00), being the amount of compensation which has accrued from July 4, 1938 to September 9, 1940, shall be paid forthwith; and the balance of such compensation shall be payable in weekly installments of Eleven Dollars ($11.00) per week commencing September 16, 1940.

IT IS FURTHER ORDERED that this cause be continued until the first session of this court to be held after the said Agnes Blazwich arrives at the age of eighteen years, to wit, after September 28, 1941, for the entry of such further orders with

reference to the amount of the aforementioned award, or the reduction thereof, as may be in accordance with the provisions of the Workmen's Compensation Act; and that in the meantime compensation be paid by the respondent as hereinbefore provided.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," (Illinois Revised Statutes, 1939, Bar Association Edition, Chapter 127, Pars. 180-181), and being subject also to the terms of an Act entitled "An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Monies Until the Expiration of the first Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly," approved July 1, 1939 (Session Laws 1939, page 117); and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the Road Fund in the manner provided by the foregoing Acts.