(No. 27087.—Reversed and remanded.)
WILLIAM J. LICKHALTER, Plaintiff in Error, *vs.* THE IN-
DUSTRIAL COMMISSION *et al.*—(JOSEPH SCHAEFFER
*et al.,* Defendants in Error.)

*Opinion filed September 21, 1943.*

AUGUSTINE J. BOWE, WILLIAM J. BOWE, and JOHN D.
CASEY, for plaintiff in error.

PEREGRINE & BRUEGGER, for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:
Plaintiff in error filed with the Industrial Commission
an application for compensation for injuries received. On

hearing, the arbitrator recommended against allowance of compensation and on review the commission found that the applicant was an independent contractor and not an employee of the defendants in error and so not entitled to compensation. This finding was confirmed by the circuit court of Cook county. The cause is here on writ of error granted.

The facts are not in dispute. Plaintiff in error, a traveling salesman with twenty-five years' experience, became associated with defendants in error through a contract by which he was to sell ladies' clothing manufactured by defendants in error and receive a commission of seven per cent of the amount billed for goods sold in Illinois, Wisconsin, Iowa, Nebraska, Minnesota and the Dakotas. This percentage was to apply whether the orders were personally taken by plaintiff in error or came in by mail. Plaintiff in error received as an advance, $40 per week for his personal and household expenses, and $70 per week for traveling expenses, same to be charged against his seven per cent commission on all sales. A settlement was to be made each six months and any commissions earned over and above the amount advanced were to be paid to plaintiff in error. If, at the settlement time, his seven per cent commissions earned did not amount to the sums advanced during the preceding six months, the excess advanced was cancelled and not charged against his commissions earned thereafter. Shortly before the injury complained of plaintiff in error's advance for personal expense was increased to $55 per week. He testified that after paying expenses his average earnings were about $60 per week.

Upon entering into this agreement plaintiff in error opened an office in Chicago, placing defendants in error's firm name on the door. Under his contract he sold women's garments at wholesale. Orders were taken on regular printed order blanks of defendants in error Schaeffer Garment Company. The evidence discloses that by reason of

their relationship plaintiff in error was called upon to take care of certain customers indicated by defendants in error, who also cautioned him about selling the same style of coats to different stores in Chicago. Evidence also discloses that he was at times directed to see certain persons who were buyers in the retail stores in the city of Chicago. Instructions were given as to what he was to say to these persons in order to determine whether an order for certain styles of coat might be secured. Defendants in error retained the right to discharge plaintiff in error and exercised it in September, 1941.

Plaintiff in error travelled in an automobile which he furnished at his own expense and in which he carried samples, furnished by defendants in error. On October 28, 1940, while on one of his business trips, his car skidded on the highway and turned over, severely injuring him. He was taken to a hospital in Peoria where he remained for about six weeks. Thereafter he was removed to a hospital in Chicago, remaining there until January 7, 1941. Medical testimony showed he received severe injuries.

About March 15, 1941, he resumed his work of selling, but his physical condition was such he could not take long trips. It was necessary for him to take a boy along to handle the sample cases. His earnings became reduced because of smaller sales and additional expense. The amount of hospital, medical and ambulance bills incurred was stipulated and the evidence shows they were not paid by defendants in error.

The record made by the arbitrator shows it was stipulated, among other things, that on October 28, 1940, the parties were operating under and subject to the provisions of the Workmen's Compensation Act and that notice of the accident had been given as required by the act. The record before the arbitrator also stipulates the age of plaintiff in error to be 47 years and that he had no children under sixteen years of age. That record recites that all other issues

were in dispute and that compensation has been paid under the Illinois act, the last payment being on April 4, 1941.

The question involved here is whether plaintiff in error was an independent contractor or an employee of defendants in error. No claim is made that he was not in the usual course of his duties in the performance of his contract at the time he was injured. The evidence shows that the defendants in error garment company caused a policy of insurance to be issued under the Workmen's Compensation Act, covering the services of plaintiff in error. Such policy was issued by the Great American Indemnity Company, a defendant in error here. The only person connected in any way with the business of defendants in error in Illinois was plaintiff in error.

Defendants in error argue that the stipulation was limited to the issue whether the parties were operating under the act, and as all other issues are in dispute, the issue of employment was disputed and plaintiff in error had the burden of proving he was an employee, and as the arbitrator and the Industrial Commission found that issue to be lacking in proof, the rule that the findings of the commission may not be set aside unless clearly and manifestly against the weight of the evidence obtains here. Plaintiff in error, on the other hand, argues that since the record of the arbitrator shows that it is stipulated the parties were operating under the act, no question of employment is involved. However, his counsel did not rest upon that contention but offered evidence to show that he was not an independent contractor but an employee, and therefore, regardless of the technical sufficiency of his argument, we are disposed to treat that issue as in the case. There is no contradiction of the evidence offered by plaintiff in error. Where the facts are not in controversy the issue involved is one of law. *Grossman* v. *Industrial Com.* 376 Ill. 198; *Puttkammer* v. *Industrial Com.* 371 Ill. 497; *Ervin* v. *Industrial Com.* 364 Ill. 56.

Defendants in error, and apparently the circuit court and the commission, relied principally upon *Postal Telegraph Sales Corp.* v. *Industrial Com.* 377 Ill. 523, as supporting the finding that plaintiff in error was a contractor and not an employee. In that case the rule of distinction between an employee and an independent contractor is fully set forth. One Lewis was engaged with the respondent sales corporation to sell clocks. He worked on a commission basis entirely and paid all his expenses including those of transportation. The clocks were to be delivered to him as he needed them. He could sell the clocks either for cash or on the installment plan. His commission was affected as to amount by the character of sale. After some months of this relationship he was appointed a supervisor by the sales corporation and as such received larger commissions. He had a right to and did appoint and discharge other salesmen and from their sales he received additional commissions. This was the relationship existing between him and the sales corporation. It is there held, after citing the elements which mark employment from an independent contract, that Lewis was an independent contractor. In the opinion in that case it was pointed out, however, that it was not to be construed to mean that all commissioned salesmen were independent contractors, as each case must depend upon its own facts. It is also pointed out that Lewis was paid only for results. Territory was assigned to him and he had a right to hire and discharge his subagents. He was delivered property and made responsible for it; "no directions were given him as to how to sell, or to whom; he designates himself as a 'sales supervisor,' and the correspondence between him and his superior refers to the arrangement as 'our deal'." There was no evidence that either party considered the relationship that of employee and employer.

That case is to be distinguished on the facts from the one before us in that while the plaintiff in error here was

given certain territory and was to pay his own expenses, and other features of the contract were as hereinbefore set forth, yet he was, in a measure, subject to the control of the defendants in error Schaeffer Garment Company, who, by letter, on different occasions, directed him how he should operate the sales business. As for example, in one letter the following language was used: "Enclosed herewith you will find both checks for traveling and salary. Expect you to start out Tuesday morning on your regular fillin trip. * * * Wish to advise you that from now on there will be no datings given on merchandise sold. Any merchandise shipped before the 25th of the month will be due on the 10th of the following month." Again on September 13, 1940, in a letter the following appears: "We are in receipt of the letters and orders which you have sent in and have acknowledged these orders direct to the customers. It is important that you take two or three weeks delivery on all orders until further notice as we have been receiving very poor deliveries from the mills and that is the very best delivery we can anticipate at this time. Also note where you have sold Mandel Bros. of Chicago Style 220 which is the same style as purchased by Wieboldt. We hope there will be no confliction on these coats. Think it advisable that you go to see Miss Ruoff of Carson's and see whether you can get reorder from her on Styles 109-207 and etc. Tell her that we are getting big reorder business on these styles and the best possible delivery we can anticipate at this time is two to three weeks delivery and it would be to her advantage to place an order now whether she needs them or not. Enclosing your weekly checks." Again on September 21, 1940, a letter directed plaintiff in error to get in touch with the buyer at "Carson's" and "If in the event Miss Ruoff decides not to run Style 207, then it will be O.K. for you to sell this style to someone else on State St." On October 4, 1940: "We are enclosing weekly expense check together with

traveling check and want you to go out on the road Mon-·day morning and try to book some real good business as we feel we are in position to deliver at this time. * * * P.S. Do not take any orders for blue coats in dress ma-·terials as we have withdrawn the blue shade from the line." Also on October 24, 1940, a letter states in part: "Have not heard from you with reference to Evelyn starting to work, and, no doubt, she has already started. However, we would appreciate hearing from you with reference to same and also advising me whether or not you have been working the town as we have been receiving nice reorders from our other salesmen this week and have not heard from you."

While defendants in error argue that these letters indicate only co-operation, we think they indicate a degree of control over the sales conducted by plaintiff in error. Such control was entirely absent in the *Postal Telegraph Sales Corp. case.* Here the evidence also is that plaintiff in error was told by one of the members of the defendant in error firm that they had taken out employment insur-·ance on him.

While it is impossible to lay down a hard and fast rule as to the meaning of the terms "employee" and "independent contractor," since each case must largely depend upon its own facts, (*Olympic Commissary Co.* v. *Industrial Com.* 371 Ill. 164,) yet in the case before us facts not disputed show that right of control pointed out in the *Postal Telegraph Sales Corp. case* as a necessary element in the relationship of employer and employee.

In this case there was no dispute in the evidence as to the facts. The issue of employment therefore was one of law and the rule invoked by the defendants in error that the findings of the commission will not be set aside unless against the manifest weight of the evidence is not applicable. The conclusion we have reached in this case in nowise conflicts with the holding of this court in *Postal*

*Telegraph Sales Corp.* v. *Industrial Com.* 377 Ill. 523.
We are of the opinion that the undisputed evidence in the
case shows as a matter of law that plaintiff in error was
an employee and not an independent contractor. There-
fore the judgment of the circuit court of Cook county
affirming the finding of the commission is reversed and
the cause is remanded to that court with directions to
remand the case to the commission to take evidence as to
compensation.

*Reversed and remanded, with directions.*