(No. 28564.—

DOUGLAS H. LAWRENCE *et al.*, Trustees, Defendants in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(J. R. JENKS, Plaintiff in Error.)

*Opinion filed September 19, 1945.*

CHARLES H. DAVIS, of Rockford, for plaintiff in error.

RAMSAY, BULL & YOST, of Morrison, for defendants in error.

Mr. Chief Justice Thompson delivered the opinion of the court:

Plaintiff in error, J. R. Jenks, is a plasterer by trade. Defendants in error are the owners of a building located in the city of Sterling in Whiteside county, the second and third floors of which are rented to Albert T. Scovill, who conducts a business college therein. William T. Galt is in the real estate and insurance business and as agent of defendants in error is in charge of the renting and repair of the building. Jenks, while repairing the plaster on the third floor of the building, on August 18, 1942, received an injury to his left shoulder occasioned by a fall. He filed a claim under the Workmen's Compensation Act and was awarded compensation by the arbitrator for thirty-one weeks at $16 per week. The award was sustained by the Industrial Commission. On *certiorari* the circuit court set the award aside, and the cause is before us by writ of error, on leave granted.

The only controversy is whether plaintiff in error at the time of his injury was working for defendants in error as an employee or was working as an independent contractor.

The evidence is not seriously conflicting or in dispute. In August, 1942, the Scovill business college was closed down for redecorating, in connection with which it became necessary to repair some of the plaster on the walls. Galt was unable to find a plasterer. Scovill learned that plaintiff in error was a plasterer and brought him to Galt. Plaintiff in error testified that the conversation which took place among the three of them was as follows: Scovill said to Galt, "I think I have a man that can do the work." Galt said, "You fix it up for us," and plaintiff in error said, "Yes, I guess so, under the circumstances." He further testified that he agreed to be at the building to start work at 8:00 o'clock the next morning; that he told Galt, in response to his question, that he charged $1.75 an hour;

that he asked him if he, Galt, would get the material, and Galt replied, "No, you just go ahead and charge it. Get what you want and do the job;" that plaintiff in error said, "I will have to hire a truck," and Galt said, "That is all right. Put it on the material." Both Scovill and Galt told Jenks, the plaintiff in error, that they wanted him to get the work done as soon as possible. Jenks had the materials needed for the work delivered to the building and employed a man as his helper. He owned his own hand tools, a hawk and a trowel. He reported for work the next morning as directed, and started tearing off loose plaster, getting ready to replace it. He testified that Scovill was there and said how the work was to be done, and plaintiff in error followed his instructions. The tearing off of plaster and the rough plaster work was done August 17, 1942, and the finish coat put on the next day. Plaintiff in error was just finishing when the accident occurred. Scovill testified that he and Jenks went over the room together and he showed Jenks what they wanted done; that there was no discussion between them concerning the price to be paid for the work, and that plaintiff in error said the price could not be estimated because in many cases where they start taking off plaster it is necessary to take off more than expected; and that he, Scovill, did not pay plaintiff in error any salary nor fix the hours in which he did the work. Galt testified there was not much conversation between plaintiff in error and himself; that there was no arrangement made as to the cost of the work; that he did not provide plaintiff in error with tools or arrange for his helper or his hours; that he did not ask him how much he would charge per day, but had an understanding with him that he would pay him what it cost to do the plastering. After the work was completed plaintiff in error presented Galt with an itemized bill for the work, including the material used, the cost of hauling the same, and the wages of his helper. This bill was paid by Galt.

Plaintiff in error contends that the question whether he was an independent contractor or an employee is a question of fact and that the finding of the commission that plaintiff in error was an employee is conclusive and cannot be disturbed unless manifestly against the weight of the evidence. It is contended by defendants in error that there is no dispute or conflict in the evidence as to the facts and therefore the issue of employment is one of law, the question for determination by this court being whether the undisputed evidence in the case shows as a matter of law that plaintiff in error was an employee and not an independent contractor.

The existence of the master and servant relationship is primarily, in any given case, a question of ultimate fact, involving in its determination a conclusion derived from a consideration of all the evidentiary facts disclosed by the evidence, in connection with the application of principles of law to the consideration of the evidence. *Fransen Construction Co.* v. *Industrial Com.* 384 Ill. 616.; *Merlo* v. *Public Service Co.* 381 Ill. 300.

The rule is well settled that it is the province of the Industrial Commission to draw reasonable inferences and conclusions from evidentiary facts, and the courts are not privileged to set aside the findings of the commission unless they are manifestly against the weight of the evidence. (*Hansell-Elcock Co.* v. *Industrial Com.* 376 Ill. 151; *Czerny* v. *Industrial Com.* 369 Ill. 275.) In the case of *Cinofsky* v. *Industrial Com.* 290 Ill. 521, the question at issue was whether the applicant for compensation was an employee or an independent contractor. The court in deciding whether this question was one of law or of fact announced the rule, with which the later cases are in entire accord, that if there is any evidence showing or tending to show such relationship, then the question is one of fact and it is the exclusive duty and province of the commission to weigh the evidence and draw any and

all reasonable inferences therefrom, and its conclusion in such case is final and not subject to review; but where the evidence affecting such question is undisputed and is reasonably susceptible of but a single inference, the question what relation is thereby shown to exist is one of law. If the undisputed facts permit an inference either way, that is, if one reasonable mind may draw one inference and another reasonable mind a different inference from such facts, then the commission alone is empowered to draw the inference and its decision as to the weight of the evidence will not be disturbed on review. While in compensation cases the courts review all questions of law and fact presented by the record, yet it is only where the decision of the Industrial Commission is without substantial foundation in the evidence or its finding is manifestly against the weight of the evidence that such finding is set aside. *Olympic Commissary Co.* v. *Industrial Com.* 371 Ill. 164; *Peabody Coal Co.* v. *Industrial Com.* 349 Ill. 160; *Cuneo Press Co.* v. *Industrial Com.* 341 Ill. 569.

The Workmen's Compensation Act provides that the term "employee" shall be construed to mean any person in the service of another under a contract of hire, express or implied, oral or written, (Ill. Rev. Stat. 1943, chap. 48, par. 142,) but the act is silent as to the meaning of the term "independent contractor." Many definitions of an independent contractor have been announced, but they are not essentially different. The decisions of this court are agreed that an independent contractor is one who renders service in accordance with the will of the person for whom the work is done only as to the results of the work, and who is free to exercise his own judgment and discretion as to the method or means by which it is accomplished, entirely exclusive of the control and direction of the party for whom the work is done. (*Fransen Construction Co.* v. *Industrial Com.* 384 Ill. 616; *Lickhalter* v. *Industrial Com.* 383 Ill. 527; *Murrelle* v. *Industrial Com.* 382 Ill.

128; *Darner* v. *Colby,* 375 Ill. 558; *Olympic Commissary Co.* v. *Industrial Com.* 371 Ill. 164; *Kehrer* v. *Industrial Com.* 365 Ill. 378; *Stellwagen* v. *Industrial Com.* 359 Ill. 557; *Meyer* v. *Industrial Com.* 347 Ill. 172; *Hartley* v. *Red Ball Transit Co.* 344 Ill. 534.) It is often difficult, however, to determine in a given case whether a person is an employee or an independent contractor, since there are elements pertaining to both relations which may occur without being determinative of the relationship. (*Postal Telegraph Sales Corp.* v. *Industrial Com.* 377 Ill. 523.) A survey of the many cases makes it clear that the determination of the question depends in each instance upon the individual circumstances of the particular case.

In the case before us the contract between Galt and plaintiff in error was simple. Plaintiff in error was employed at the rate of $1.75 per hour to do such repairing of the plaster in the rooms occupied by the business college as he was directed to do. He was to commence work at 8:00 o'clock on the morning of August 17, 1942, and complete, as soon as possible, the performance of such work as might be required of him. It is admitted that Galt, as agent of defendants in error, delegated authority to Scovill to go with plaintiff in error to the rooms to be repaired and point out to him the work to be done. It is contended that no control was exercised over plaintiff in error in his performance of the work, but that after the portions of the rooms which required plastering were once pointed out to him, he performed the work according to his own ideas and subject only to the final result to be achieved. Plaintiff in error had been a plasterer for many years. There was no need for control or supervision of the work as it was being performed. The record discloses that plaintiff in error was subject to Scovill's orders and control in the performance of the work. The amount of plaster to be removed and the places of its removal were such as Scovill desired or thought proper, without refer-

ence to any ideas of plaintiff in error. Jenks knew how to plaster, and he did as he was told. The evidence shows that he submitted himself to the control of Scovill, so far as the details of the work were concerned, and the inference arising therefrom that he was a servant is not rebutted by the mere fact that he used the special skill and knowledge which he possessed as an experienced plasterer and which Scovill did not possess. Actual supervision is not a test where the work is not of such a character as to require supervision. (*Kehrer* v. *Industrial Com.* 365 Ill. 378; *Stellwagon* v. *Industrial Com.* 359 Ill. 557; *Fischer* v. *Industrial Com.* 301 Ill. 621; *Franklin Coal and Coke Co.* v. *Industrial Com.* 296 Ill. 329; *Cinofsky* v. *Industrial Com.* 290 Ill. 521.) The fact that plaintiff in error's compensation for the work he was to perform was paid by the hour and not fixed as a lump sum for the job is indicative, though not conclusive, of an employer-employee relationship. A person working by the hour is almost always subject to the direction of his employer and may be discharged at any time. (*Stellwagon* v. *Industrial Com.* 359 Ill. 557.) The fact that plaintiff in error hired a man who assisted him in no way militates against the evidence that he was under the control of Scovill. The assistant was paid by Jenks at the rate of 80 cents per hour, not from his own agreed compensation of $1.75 per hour, but out of additional moneys paid to him by Galt for that purpose. We held in the case of *Murrelle* v. *Industrial Com.* 382 Ill. 128, that a salesman who employed an assistant and paid him out of his own commissions was, under the facts in the case, an employee and not an independent contractor. The fact that plaintiff in error owned and used his own hand tools, a hawk and a trowel, and that he purchased the material for doing the work does not warrant the conclusion that his status as an employee was affected thereby. This court held in *Briston & Gale Co.* v. *Industrial Com.* 292 Ill. 16, that a teamster who was required to furnish

and maintain a horse and wagon was, under the circumstances of the case, an employee and not an independent contractor. We there stated, "The fact that an employee by his contract with his employer is bound to furnish the materials or tools with which the work shall be done affords but little light on the question of his independence, but such fact has in some cases been considered as tending to show independence." As to the purchasing of materials, the only reasonable inference from the record before us is that in that respect he acted as agent of his employer.

From the record in the instant case it is apparent that the mutual understanding was that plaintiff in error, as long as his services were desired, was to give all his time to Galt, as agent of defendants in error; that he worked continuously for Galt from the date he agreed to start work until he was injured; that he was subject to the orders and control of Scovill, who was Galt's representative for that purpose, as to the details of the work; that he could be discharged at any time; that during the time in question he was employed by no one else; that there was no agreement that he should accomplish any specified result; that he was an experienced plasterer and no control or supervision of his work was required except to point out the work to be done, the amount of plaster to be removed and the places of removal; that there was nothing in the contract or in the conduct of the work that indicated that Galt, or Scovill as his representative, in any way surrendered the right to control any part of the details of the work. Taking all the circumstances of this case into account, we think there is substantial evidence in the record before us and ample authority in law to enable the commission to find as it did that plaintiff in error at the time he was injured was an employee and not an independent contractor.

Defendants in error, to sustain the circuit court, cite a number of cases, all of which we believe are distinguish-

able from the case at bar. They rely most strongly on the case of *Besse* v. *Industrial Com.* 336 Ill. 283. There, one Keiser, a plasterer, who was engaged by Besse to repair a cistern and to point a chimney, was held to be an independent contractor. In that case the plasterer worked only when it suited his convenience and Besse retained no control or supervision over him concerning hours or methods of work. Keiser was not directed as to what part of the cistern should be repaired or replaced and was not told what bricks in the chimney should be removed and relaid with fresh mortar. He was left entirely free to repair the cistern and chimney in such places and manner as he thought proper. The extent of the repair work to be done and the manner of its performance were left solely to Keiser's discretion. He was not engaged, as was plaintiff in error, Jenks, to work as directed and do only what was pointed out to him to do, but was engaged to perform a specified job and his responsibility to Besse was only as to the results of the work as a completed job. He hired his own assistant, furnished his tools and supplied the materials, and the evidence warranted no inference that in so doing he acted on behalf of Besse or that Besse furnished him the money with which to pay the same. His compensation was for the job, and it might reasonably be assumed that he, and not Besse, would profit by any advantageous bargain he made in acquiring the materials or his helper. This case as well as the other cases cited by defendants in error, in which the applicant for compensation was held to be an independent contractor, all announce the same general principles which we have hereinabove stated and which we have applied in considering this case; but in all of the cited cases there are varying facts and circumstances which characterize each case and distinguish it from the case at bar. None of them are sufficient as a precedent to warrant us in holding as a matter of law that the plaintiff in error in the instant case was an independent

contractor. The evidence in the record and reasonable inferences to be drawn therefrom afford a substantial basis for the finding of the commission that plaintiff in error was an employee within the meaning of the Workmen's Compensation Act, and this court will not disturb that conclusion.

Plaintiff in error in his application for compensation alleged that he had not been furnished with medical, surgical and hospital treatment, and had received no compensation payments on account of medical care and attention. He claimed $200 on account of medical care. Undisputed evidence was offered on the hearing showing that plaintiff in error had incurred and paid necessary medical and hospital bills, amounting to $129. Undisputed evidence further showed that medical attention was demanded and refused. The commission awarded compensation, but made no award for medical and hospital bills. Under paragraph (a) of section 8 of the Workmen's Compensation Act, (Ill. Rev. Stat. 1943, chap. 48, par. 145,) compensation for injury not resulting in death includes necessary medical and hospital bills. The award of the commission therefore carries with it, as a matter of law, such bills as were shown on the hearing before the commission to have been incurred and paid. (*Olympic Commissary Co.* v. *Industrial Com.* 371 Ill. 164.) The award should have included within its terms the sum of $129 to be paid plaintiff in error for medical and hospital bills. In all other respects it is correct.

The judgment of the circuit court is reversed and the cause remanded with directions to enter judgment, in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*