(Nos. 32284, 32285, Cons.—

Roy Henry *et al.*, Defendants in Error, *vs.* The Industrial Commission *et al.*—(Randolph Service Co. *et al.*, Plaintiffs in Error.)

*Opinion filed May 22, 1952.*

PRICE, KIMBALL & ANTHONY, of Chicago, and W. C. ROPIEQUET, of Collinsville, for plaintiffs in error Randolph Service Co. *et al.;* WALTER J. SCHUWERK, of Evansville, for plaintiff in error Otto Renner.

STONE & FOWLER, and AUGUST L. FOWLER, both of MARION, for defendants in error.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Otto Renner is a carpenter. On October 31, 1949, while engaged in the reconstruction of a grain elevator at Prairie du Rocher, he sustained an injury resulting in total permanent loss of vision in his right eye. He filed an amended application for adjustment of claim with the Industrial Commission, alleging that his injury arose out of his employment by Randolph Service Company and Roy Henry, a carpenter contractor, and naming as respondents Randolph Service Company, Henry, and their respective insurance carriers. The arbitrator and the commission found that Henry was the employer, directed that compensation be paid by him and his carrier, and dismissed the proceeding as to Randolph Service Company. On *certiorari,* the circuit court of Randolph County found that Randolph Service Company, rather than Henry, was the employer. The award of the commission was set aside and an award for compensation entered against Randolph Service Company and its insurance carrier, and the claim against Henry and his carrier was dismissed. We allowed a writ of error.

There is no dispute as to Renner's right to compensation, or as to the amount due him. The sole issue is whether, at the time of his injury, he was employed by Roy Henry or by Randolph Service Company. Henry has

been a carpenter, builder and contractor for twenty years. Renner began working for Henry in April, 1948, and, except for periods in the winter months when there was no work, had worked for him continuously until the date of the injury. In late August or early September of 1949, the manager of Randolph Service Company told Henry that the company wanted some carpenter help in order to remodel its elevator and inquired whether Henry could furnish such help, "as they wanted it when they wanted it." Henry replied that he thought he could, and the parties then agreed upon a wage of two dollars per hour, the union scale, for the work to be done by Henry and his men. Henry paid his men at the rate of $1.90 per hour, the extra ten cents being retained by him for his services in picking up tools. He furnished no material for the building, but supplied working equipment, such as ladders and tools, for himself and his men.

Henry testified that at the time he was working on the elevator he had two other jobs going; that Sidney Phillips acted as superintendent for Randolph Service Company on the elevator work; that each week Phillips would instruct him as to how many carpenters to bring for each day; that he, Henry, would then determine which carpenters went to work on the elevator; that he would transfer men from job to job as the situation demanded; that he sent two men and went himself to the elevator job the first day or two; that thereafter he used from two or three to as high as six or seven men daily on that job, the average being four or five, and that one of these was always Renner. He further testified that he received instructions as to what to do, every morning or throughout the day from Phillips, and would relay them to his men; that besides himself and his carpenters, there were common laborers working on the job, and that Phillips had a sort of rough sketch of the work to be done, which was not furnished to Henry. Finally, he stated that he kept the

time records of his own men, was paid at two-week intervals by Albrecht, and, in turn, paid his own men every Saturday.

Claimant Renner testified that he was not transferred from the elevator job to any of Henry's other jobs; that while he was employed on the elevator job for a month or more prior to the accident, Henry told him where to go and what to do, and that his direct supervisors were Henry and Henry's foreman, Edgar Bense. However, he further stated that he believed that these two received instructions from Sidney Phillips concerning the work that was to be done.

Edgar Bense testified that he acted as Henry's foreman on the elevator job when the latter was not there, which was about half of the time; that, during such times, he received his orders or directions as to what to do from Sidney Phillips, and that he relayed the orders to the other carpenters. It was stipulated that if Phillips wanted any of the work done in a different manner than it was being done he would tell Bense or Henry, who would then ask their men to make the desired changes.

The answer to the ultimate question, who was Renner's employer, depends upon whether Henry was an independent contractor with respect to his work on the elevator. If he was, Renner and the other carpenters were his employees. If he was not, Renner, and Henry as well, were employed by Randolph Service Company. Whether one in Henry's position is an employee or independent contractor is often difficult to determine because some of the characteristics of each relationship may be present. No rule has been adopted by this court to be applied to the facts of all cases; the impracticability of attempting to formulate such a rule has been pointed out. (*Lawrence* v. *Industrial Com.* 391 Ill. 80; *Postal Telegraph Sales Corp.* v. *Industrial Com.* 377 Ill. 523; Restatement of the Law of Agency, sec. 220, comment (1)b; Asia, Employment Relation, 55 Yale L.J.

76, 76-82.) An independent contractor is often defined as one who renders service in the course of a recognized occupation, and who executes the will of the person for whom the work is done with respect to the result to be accomplished, rather than the means by which the result is accomplished. (*Ferguson & Lange Foundry Co.* v. *Industrial Com.* 346 Ill. 632; *Hartley* v. *Red Ball Transit Co.* 344 Ill. 534; *Besse* v. *Industrial Com.* 336 Ill. 283. The right to control the manner of doing the work is probably the most important single consideration in determining whether the relationship is that of an employee or an independent contractor. (*Immaculate Conception Church* v. *Industrial Com.* 395 Ill. 615; *Murrelle* v. *Industrial Com.* 382 Ill. 128; *Kehrer* v. *Industrial Com.* 365 Ill. 378.) Other factors, such as whether compensation is on a time basis or by the job, the right to discharge, the nature of the workman's occupation, both in terms of the degree of skill required and in its kinship to the regular business of the employer, and the furnishing of materials, equipment or tools, are all to be taken into consideration. (*Lawrence* v. *Industrial Com.* 391 Ill. 80; *Bristol & Gale Co.* v. *Industrial Com.* 292 Ill. 16; Restatement of the Law of Agency, sec. 220(2)(a)-(i).) It has been emphasized that the determination of the question depends, in each instance, upon an analysis and evaluation of the circumstances of the particular case. *Olympic Commissary Co.* v. *Industrial Com.* 371 Ill. 164.

Applying these considerations to the facts of the present case, it is apparent that neither under the terms of his agreement with Randolph Service Company nor in the actual performance of the work does Henry meet the requirements of an independent contractor. His undertaking with Randolph Service Company was to supply carpenters as and when needed, rather than to remodel or reconstruct the elevator. When he went to the job, he was not in a position to begin work; except in the most general terms,

he did not know what was to be done. By the agreement, he, like the other carpenters, was compensated at the regular union rate of two dollars an hour. The commission of ten cents an hour that he retained was by arrangement between himself and the other carpenters rather than between himself and Randolph Service Company. Performance under the agreement between Randolph Service Company and Henry further developed the same pattern. Henry was given no plan for the job; each day he received instructions as to what work was to be done from Phillips, who retained possession of the only plan there was. The company designated specifically the number of carpenters who were to work each day; even the manner of doing the work conformed to the company's desires.

Henry's activities in this case resemble somewhat those of American Stevedores Company in *American Stevedores Co.* v. *Industrial Com.* 408 Ill. 449. As was true of American Stevedores Company in that case, Henry here "merely became the selecting agency to pick the men, and the conduit through which they received their wages."

Under the circumstances, it is clear that Randolph Service Company, and not Henry, was the employer. It is contended, however, that the issue as to the status of the parties is one of fact, and that its determination by the Industrial Commission is therefore conclusive. The controlling rule on this aspect of the case is the following: If the undisputed facts upon any issue permit more than one reasonable inference to be drawn therefrom, the determination of the issue presents a question of fact, and the conclusion of the commission in deciding the question will not be disturbed upon review; only if the undisputed facts are susceptible of but a single inference can the question be characterized as one of law. (*Ceisel* v. *Industrial Com.* 400 Ill. 574; *Lawrence* v. *Industrial Com.* 391 Ill. 80.) Since in this case the material facts are undisputed, and they can, as we have indicated, give rise to but one con-

clusion, the two elements necessary to transform the normally factual question of employer-employee relationship into one of law are here present. The question before the circuit court was whether, as a matter of law, the relation of employer and employee existed between Randolph Service Company and Renner at the time of the accident. Its determination of that question was correct.

The judgment of the circuit court of Randolph County is affirmed.