(No. 33085.—

John E. Henn, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(William Frank Hopkins, Defendant in Error.)

*Opinion filed May 24, 1954—Rehearing denied September 20, 1954.*

Fellheimer & Vicars, of Pontiac, and Irving Goodman, of Chicago, for plaintiff in error.

Niven & Clay, of Pontiac, for defendant in error.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

The issue in this case is whether the claimant, William Hopkins, was an employee or an independent contractor at the time he was injured. If he was an employee, he is entitled to an award under the Workmen's Compensation Act; if he was an independent contractor, he is not. After a hearing, an arbitrator of the Industrial Commission found that he was not an employee and dismissed his application for adjustment of claim for want of jurisdiction. On review, the commission set aside the decision of the arbitrator and awarded compensation for medical and surgical treatment, for temporary total disability and for permanent forty per cent loss of use of his left leg. The circuit court of Livingston County confirmed the award of the commission, and we allowed a writ of error.

John E. Henn, a resident of Detroit, Michigan, owned a garage in Odell, Illinois, which was occupied by six tenants who paid an aggregate monthly rental of about $160 per month. Henn's sister-in-law, Eleanora Henn, looked after the garage for him, collected the rents and arranged for repairs. On Saturday, April 28, 1951, a windstorm blew down one of the garage doors, and that evening Eleanora Henn telephoned William Hopkins at his home and asked him if he could repair it. He agreed to do so on the following Monday, and had been working less than an hour when the garage door "got away from him" and fell on his left leg, breaking it between the knee and the hip. The injury was serious. Although there is a peripheral question as to whether the amount of medical and surgical expense was established by proper evidence, it is not disputed that Hopkins is entitled to a substantial award if he was an employee at the time of the injury.

While the arbitrator found that the commission was without jurisdiction because no employer-employee relationship existed, the commission reversed that finding and

the circuit court confirmed the award of the commission. Where, as here, the facts are undisputed and the problem concerns the legal status to be inferred from them, we have held that "If the undisputed facts permit an inference either way, * * * then the commission alone is empowered to draw the inference and its decision as to the weight of the evidence will not be disturbed on review." (*Lawrence* v. *Industrial Com.* 391 Ill. 80, 85.) Only when the undisputed facts are susceptible of but a single inference does the issue become one of law, and so reviewable. *Henry* v. *Industrial Com.* 412 Ill. 279, 284; *Ceisel* v. *Industrial Com.* 400 Ill. 574; *Lawrence* v. *Industrial Com.* 391 Ill. 80, 85.

An "employee" under the act is defined as a "person in the service of another under any contract of hire, * * * not including any person who is not engaged in the usual course of the trade, business, profession or occupation of his employer." Ill. Rev. Stat. 1953, chap. 48, par. 138.1.

The considerations relevant to a determination of disputed status as employee or independent contractor are familiar. As has been pointed out, no single facet of the relationship between the parties is determinative. (*Lawrence* v. *Industrial Com.* 391 Ill. 80; *Postal Telegraph Sales Corp.* v. *Industrial Com.* 377 Ill. 523; cf. Restatement of the Law of Agency, sec. 220, comment (1)(b).) The right to control the manner in which the work is done, whether compensation is paid for the job as a whole or on a time basis, the right to discharge, the skill required in the work to be done, the furnishing of materials, equipment and tools, all these and other factors enter into the determination. *Lawrence* v. *Industrial Com.* 391 Ill. 80; *Besse* v. *Industrial Com.* 336 Ill. 283; *Bristol & Gale Co.* v. *Industrial Com.* 292 Ill. 16.

In this case there is no dispute as to the facts, and they can be shortly stated. During a part of the year preceding his injury the claimant had worked as a carpenter for two

large construction companies; for some months prior to the accident he had done roofing and general carpenter work for various persons in Odell. He testified that Mrs. Henn phoned him on the night of April 28 and told him that the garage door had blown down "and wanted to know if I could fix it." Mrs. Henn did not tell him what time to report to work. "She did not tell me the type of materials to get. I was to determine the type of materials to be used after I seen the condition of the building." The claimant furnished his own tools, ladder and other equipment. The materials which he determined to be necessary were to be purchased at the lumber yard and charged to Mrs. Henn. There was no specific arrangement as to the amount of compensation or as to whether payment was to be by the hour or by the job, although the claimant testified that he was charging for other work which he did at the union rate of $2.15 an hour. He testified further that he was familiar with the custom and practice of general contractors, and said, "In Odell there possibly is a practice of contractors to work by the hour and charge materials either to the clients or to themselves. The practice in Odell is for the contractors to charge either by the hour or by the contract price." Some years previously, in 1947, the claimant had fixed the same garage door. At that time he was associated with one William Fitzpatrick and their letterhead read "Hopkins and Fitzpatrick, General Builders."

Upon these facts we conclude that there is no reasonable basis upon which it can be determined that an employer-employee relationship existed between the owner of the garage and the claimant. It cannot be said that any of the pertinent criteria point to an employer-employee relationship. The claimant was employed to do a particular job. He was left entirely unrestricted as to the methods and materials to be employed in accomplishing the desired result. He was to do the work at his own convenience. He

was a carpenter and was engaged in a business quite apart from the regular business of the defendant which, so far as appears, was that of operating a single garage. The work required skill, and also required special tools, which the claimant furnished. The relationship was to terminate at the conclusion of the particular job. There was no agreement as to the method of payment. Under the claimant's own testimony, the fact that the necessary materials were to be charged to the owner of the garage is consistent with an independent contractor relationship. We are of the opinion, therefore, that the claimant was an independent contractor and not an employee, and that the circuit court erred in confirming the award of the commission.

The judgment of the circuit court of Livingston County is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed and award set aside.*