(No. 36386.—

MORRIS GREENBERG, d/b/a Humbolt Storm Window Company, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(Floyd Summers, Plaintiff in Error.)

*Opinion filed September 22, 1961.*

HENRY L. KANE and ARTHUR O. KANE, of Chicago, for plaintiff in error.

RONAN & CUNNINGHAM, of Chicago, (E. T. CUNNINGHAM, of counsel,) for defendant in error.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The disputed issue in this case is whether the claimant, Floyd Summers, was an employee or an independent contractor at the time he was injured.

On October 28, 1958, Summers was installing windows when he fell from a ladder and injured himself. After a hearing on his application for adjustment of claim, an arbitrator of the Industrial Commission found that he was an employee and awarded him compensation for medical and hospital services and for temporary total disability. On review, the commission sustained the decision and award of the arbitrator. The circuit court of Cook County set aside the award on the ground that Summers was not an employee and we granted a writ of error.

There is no serious dispute as to the facts. Morris Greenberg prior to and during 1958 was engaged in the business of selling aluminum storm windows and doors under the name of Humbolt Storm Window Company. The price of the doors and windows included the cost of installation. Greenberg had six or seven men including Summers who installed the windows and doors for him. Summers was paid at the rate of $2 per window and $10 per door for those he installed. If any repairs were necessary for installation, he received extra compensation for the extra work. He generally received payment for his services in one check at the end of the week. No income or social security taxes were withheld from his check. Greenberg furnished the jobs and all the materials. Summers furnished his own vehicle and tools. A sign on the truck read "Summer's Installations." The hours and days of work

depended largely on the amount of work and the weather. The jobs were assigned by Greenberg but no one directly supervised the installation. If the sale were cash on delivery, Summers would make the collection for which he received no extra compensation. Greenberg had the authority to discharge Summers if he did not do the work promptly and in accordance with the specifications of Greenberg. Summers testified that he worked only for Greenberg.

The question of whether a person is an independent contractor or an employee is often a difficult one because elements pertaining to both relationships may be present. (*Lawrence* v. *Industrial Com.* 391 Ill. 80; *Postal Telegraph Sales Corp.* v. *Industrial Com.* 377 Ill. 523.) Such is the posture of the relationship that existed between Greenberg and Summers.

"Where, as here, the facts are undisputed and the problem concerns the legal status to be inferred from them, we have held that 'If the undisputed facts permit an inference either way, * * * then the commission alone is empowered to draw the inference and its decision as to the weight of the evidence will not be disturbed on review.'" (*Henn* v. *Industrial Com.* 3 Ill.2d 325, 327.) A careful consideration of the various aspects of the relationship between Greenberg and Summers, such as the right to control the manner in which the work was to be done, the method of paying compensation, the right to discharge, the skill required, the furnishing of materials, equipment and tools, the sign on the truck and other factors, leads us to the conclusion that a reasonable inference could be drawn either way. In such circumstances the circuit court erred in setting aside the award.

The judgment of the circuit court of Cook County is reversed and the award of the Industrial Commission is reinstated.

*Judgment reversed; award sustained.*