(No. 46473.—

MASTERCRAFT COMPANY, Appellant, v. THE INDUS-TRIAL COMMISSION *et al.*—(Donald William Munson, Appellee.)

*Opinion filed September 27, 1974.*

William P. Landon, of Chicago, for appellant.

Morton, Jaffe, Levy & Kajfes, of Chicago (Lewis P. Gaines, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission denied the application for adjustment of claim filed by petitioner, Donald William Munson, finding that at the time of his injury the relationship of employee and employer did not exist between him and the respondent, Mastercraft Company. On review the Industrial Commission set aside the decision of the arbitrator, found that petitioner sustained accidental injuries which arose out of and in the course of his employment and awarded petitioner compensation for a period of temporary total disability, necessary medical expenses and compensation for 45% loss of use of his right foot. On *certiorari* the circuit court of Cook County confirmed the decision, and respondent appeals.

Respondent contends that the Industrial Commission erred in setting aside the decision of the arbitrator and that the testimony shows that as a matter of law petitioner, at the time of the injury, was an independent contractor, and not its employee. Petitioner contends that the decision of the Industrial Commission is not against the manifest weight of the evidence and the circuit court correctly confirmed the decision of the Industrial Commission.

The testimony shows that respondent was engaged in the business of selling and installing aluminum siding and that petitioner was injured in a fall from a scaffold while installing siding on one of respondent's jobs. For approximately seven years prior to his injury, except for a period of two months when he worked elsewhere, petitioner had installed siding for respondent. Petitioner was paid on a "piece work" basis, measured, as he testified, by "so many dollars per box of siding." Respondent did not withhold income tax or social security. Petitioner was not required to report for work on any scheduled basis and when he wanted to work he called respondent and was assigned a job for which respondent had contracted. Respondent made all deliveries of material to job sites and picked up all excess materials. Respondent owned the scaffolding, saw-horses and cutting boards used on the job, and the hand

tools used were owned by petitioner. The plans and specifications for the job were provided in detail in a worksheet supplied by respondent, and respondent's foreman supervised and inspected the performance of petitioner's work. At times petitioner worked alone and at other times in two- or three-man crews. Respondent paid the other members of the crew. At times petitioner had hired "some of the boys in my own neighborhood to help me," and on these occasions he paid them himself. Petitioner did not maintain an office, did not have his own business stationery or business telephone, and did not own a company of his own. When instructed to "collect" for a job, as he was on the job on which he was injured, petitioner turned over all proceeds collected to respondent. Petitioner testified that he guaranteed the installation part of the job and if within the year of the installation repairs became necessary because of faulty workmanship he performed the repair work without additional compensation from respondent. He made no warranties directly to the customer and the warranties to the customer were those of the respondent and the manufacturers of the siding.

The facts in this case are not in dispute, and as was said in *Henn v. Industrial Com.*, 3 Ill.2d 325, "Where, as here, the facts are undisputed and the problem concerns the legal status to be inferred from them, we have held that 'If the undisputed facts permit an inference either way, *** then the commission alone is empowered to draw the inference and its decision as to the weight of the evidence will not be disturbed on review.' (*Lawrence v. Industrial Com.* 391 Ill. 80, 85.) Only when the undisputed facts are susceptible of but a single inference does the issue become one of law, and so reviewable. *Henry v. Industrial Com.* 412 Ill. 279, 284; *Ceisel v. Industrial Com.* 400 Ill. 574; *Lawrence v. Industrial Com.* 391 Ill. 80, 85." 3 Ill.2d 325, 327.

Respondent argues that this case cannot be distin-

guished from *Bauer v. Industrial Com.*, 51 Ill.2d 169. We do not agree. It is, however, strikingly similar on its facts to *Greenberg v. Industrial Com.*, 23 Ill.2d 106, in which case the court summarized the facts as follows: "Morris Greenberg prior to and during 1958 was engaged in the business of selling aluminum storm windows and doors under the name of Humbolt Storm Window Company. The price of the doors and windows included the cost of installation. Greenberg had six or seven men including Summers who installed the windows and doors for him. Summers was paid at the rate of $2 per window and $10 per door for those he installed. If any repairs were necessary for installation, he received extra compensation for the extra work. He generally received payment for his services in one check at the end of the week. No income or social security taxes were withheld from his check. Greenberg furnished the jobs and all the materials. Summers furnished his own vehicle and tools. A sign on the truck read 'Summer's Installations.' The hours and days of work depended largely on the amount of work and the weather. The jobs were assigned by Greenberg but no one directly supervised the installation. If the sale were cash on delivery, Summers would make the collection for which he received no extra compensation. Greenberg had the authority to discharge Summers if he did not do the work promptly and in accordance with the specifications of Greenberg. Summers testified that he worked only for Greenberg." (23 Ill.2d 106, at 107-8.) In sustaining the award in favor of the employee the court, in *Greenberg,* said: "A careful consideration of the various aspects of the relationship between Greenberg and Summers, such as the right to control the manner in which the work was to be done, the method of paying compensation, the right to discharge, the skill required, the furnishing of materials, equipment and tools, the sign on the truck and other factors, leads us to the conclusion that a reasonable inference could be drawn either way." 23 Ill.2d 106, at

108.

We conclude that here, too, a reasonable inference could be drawn either way and that the decision of the Industrial Commission is not against the manifest weight of the evidence. The judgment of the circuit court of Cook County is, therefore, affirmed.

*Judgment affirmed.*