(No. 46440.—

PENNY CAB COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Muritala Durosinmi, Appellee.)

*Opinion filed March 24, 1975.*

Jerrold Blumoff, of Chicago, for appellant.

Harry Duncan Connor, of Chicago (John E. Cunningham and T. F. Sullivan, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

An arbitrator for the Industrial Commission found that the claimant, Muritala Durosinmi, a taxicab driver, was an employee of the respondent, Penny Cab Company, and entitled to workmen's compensation benefits for injuries suffered in an accident which occurred on December 4, 1971. The Commission affirmed the award, the circuit court confirmed, and the respondent has appealed under Rule 302(a). 50 Ill.2d R. 302(a).

Two issues are raised: the first concerns the Commission's decision that the claimant was an employee rather

than an independent contractor, and the second concerns the award of 5% permanent disability for an injury to the claimant's leg.

On December 4, 1971, while Durosinmi was transporting two women and a baby, he left his cab to look for an address. The cab started rolling backwards and he attempted to jump into it. Before he could stop his cab, it struck a parked car and he was injured.

Durosinmi began driving Penny Cab Company cabs in mid-1970 when he responded to a "Driver Wanted" sign which he saw while walking on a south-side Chicago street. At his initial interview he was told that he was to work on the north side, downtown, and at O'Hare Field and was not to work on the south side. He agreed to pay for gas and to pay $18 per day to the Penny Cab Company for the cab. Penny Cab made an offer of proof that it did not issue a W-2 form to Durosinmi and that no withholding taxes or social security taxes were collected from him.

Durosinmi was to report to work at 5 a.m. and to return the cab at 5 p.m. He was told that the cab had to be returned on time or he would be suspended, and on one occasion he was suspended for three weeks for failure to return his cab by 5 p.m. He drove a different cab every day; all the cabs were the same color, the same make, and had the name of Penny Cab Co. printed on them. These cabs were not equipped with radios. If his cab broke down, he was instructed to call the Penny Cab garage and the company would make the necessary repairs.

The respondent contends that it was error to reject its offer to prove that no moneys were deducted from the claimant's earnings for withholding tax, and that the claimant was not given a W-2 form. We agree, and we consider the case as if those facts were proved.

The respondent also asserts that section 28—9 of the Chicago Municipal Code, which says that "the relationship between the licensee of any taxicab and the driver thereof shall be such as they mutually may agree upon by contract

***," implies authority to establish an independent-contractor relationship. But even if we assume that the provisions of the ordinance have any bearing on the question before us, the implication that the respondent would draw is negated by section 28–12 of the ordinance, which requires that workmen's compensation and public liability insurance be carried by each cabman for his employees.

The considerations relevant to a determination of the issue before us were recently reviewed in *Morgan Cab Co. v. Industrial Com.* (1975), 60 Ill.2d 92. Although the drivers for Morgan Cab were required to pick up at least 10 passengers a day in response to Morgan's radio dispatcher and the cabs in the present case had no radios, the facts in these two cases are otherwise virtually identical. That difference is not of sufficient significance to require a difference in result, and we hold that here, as in the *Morgan Cab* case, the claimant was an employee.

Penny Cab also argues that the Commission award of 5% permanent disability for the defendant's leg was against the manifest weight of the evidence. This issue, however, was not raised in the circuit court, and we therefore will not consider it in this court. See *Allis-Chalmers Mfg. Co. v. Industrial Com.* (1966), 35 Ill.2d 367; *Shell Oil Co. v. Industrial Com.* (1954), 2 Ill.2d 590.

*Judgment affirmed.*