454

(No. 50259

KIRKWOOD BROTHERS CONSTRUCTION, Appellant,
v. THE INDUSTRIAL COMMISSION *et al.*—(Kenneth
Hagan, Appellee.)

*Opinion filed October 6, 1978.*

Heyl, Royster, Voelker & Allen, of Springfield (Frederick P. Velde, of counsel), for appellant.

Moody & Diamond, of Decatur (Thomas H. Moody, of counsel) for appellee.

MR. CHIEF JUSTICE WARD delivered the opinion of the court:

The claimant, Kenneth Hagan, was injured when he fell from a ladder while doing carpentry work in the construction of an addition to a house. He filed an application for adjustment of claim under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*) against the respondent, Kirkwood Brothers Construction. The arbitrator awarded the claimant compensation for temporary and permanent disability and for medical, surgical, and hospital expenses.

The Industrial Commission, after hearing further evidence, affirmed the arbitrator's decision, and the decision of the Commission was confirmed by the circuit

court of Christian County. The respondent appealed directly to this court under Supreme Court Rule 302(a) (58 Ill. 2d R. 302(a)). The issue raised on the appeal is whether the claimant was an employee of the respondent or whether he was an independent contractor and thus not entitled to compensation under the Act.

The accident occurred on November 24, 1975. In the fall of 1975 the respondent, a building contractor, had run a newspaper advertisement to solicit applications to install siding and do carpentry work. The advertisement itself was not offered in evidence. The claimant, a carpenter with some 16 years' experience, together with a friend, David Vording, who also did carpentry work, went to the respondent's office and applied for work. Prior to the job in which the accident here occurred, the claimant and Vording, who worked as a team, had worked on seven other jobs obtained through the respondent. There is no evidence that the claimant did work for any other contractor or any property owner during this period.

The job site where the claimant was injured was a house owned by Charles Guthrey. Guthrey had previously been called on by Kenneth L. Ortman, a salesman associated with the respondent, as a result of a referral from another customer. Ortman identified himself to Guthrey as a representative of the respondent, and proceeded to negotiate a written contract for the construction of the proposed addition. The contract was then submitted to the respondent and approved. No copy of the contract was placed in evidence.

Shortly before work on the Guthrey house was to begin, Ortman saw the claimant and Vording at the respondent's office. He knew that they were expert carpenters, and that they were about to complete a job and would thus be available to start on a new one. Ortman described the Guthrey job to them, and, using a price list prepared by the respondent which showed the amount

which would be paid for labor on the various components of the project, stated that the claimant and Vording would be paid $2,450 upon completion of the job. No written contract with either Ortman or the respondent was executed, but the claimant and Vording were paid through checks drawn by the respondent.

The material used on the Guthrey job was furnished by the respondent. The respondent furnished no equipment, but it does not appear that any was required except for small hand tools. As to these, the claimant and Vording supplied their own. There was no foreman regularly present at the job site, but on one occasion when Guthrey requested a change in the plans originally agreed on, Ortman came out to discuss the matter with him and with the claimant and Vording. The president of the respondent testified that it was customary for the salesman who had procured a construction contract to follow through on it. He testified further that when Ortman went out to the Guthrey site he did so as a representative of the respondent, that he had responsibilities beyond those of salesman, and functioned as an "overseer" on the job.

There is some dispute between the parties as to whether Ortman was an employee of the respondent. Ortman and two officers of the respondent testified that he was not. Ortman, of course, is not the claimant here, and it is therefore immaterial whether he should be classified as an employee for purposes of the Act. The question is rather whether he was acting on behalf of the respondent in connection with the Guthrey job. The undisputed testimony referred to above makes it plain that he was.

This court has frequently had occasion to consider whether carpenters and other persons engaged in construction work were to be regarded as employees or independent contractors. See, *e.g., Lawrence v. Industrial Com.* (1945), 391 Ill. 80; *Henry v. Industrial Com.* (1952), 412

Ill. 279; *Henn v. Industrial Com.* (1954), 3 Ill. 2d 325; *Greenberg v. Industrial Com.* (1961), 23 Ill. 2d 106; *Standard Accident Insurance Co. v. Industrial Com.*(1968), 39 Ill. 2d 172; *Mastercraft Co. v. Industrial Com.* (1974), 58 Ill. 2d 155.

The scope of judicial review of the Commission's decision in these cases, as in others where the claimant's status is drawn in question, was described in *Lawrence v. Industrial Com.* (1945), 391 Ill. 80, 85: "[W]here the evidence affecting such question is undisputed and is reasonably susceptible of but a single inference, the question what relation is thereby shown to exist is one of law. If the undisputed facts permit an inference either way, *** then the commission alone is empowered to draw the inference and its decision as to the weight of the evidence will not be disturbed on review." (See also *Henn v. Industrial Com.* (1954), 3 Ill. 2d 325, 327; *Greenberg v. Industrial Com.* (1961), 23 Ill. 2d 106, 108; *Mastercraft Co. v. Industrial Com.* (1974), 58 Ill. 2d 155, 157). This principle is of course subject to the qualification that a finding by the Commission is to be set aside if it is against the manifest weight of the evidence. *Lawrence v. Industrial Com.* (1945), 391 Ill. 80, 84. See also 3 A. Larson, Workmen's Compensation sec. 80.20, at 15-413, sec. 80.41, at 15-452.

Though all of the evidence which might have defined the relationship between the claimant and the respondent was not presented, to the extent that the facts were brought out they were undisputed. Under the principle of review announced in *Lawrence* and in the other cases cited, therefore, the decision of the Commission must be confirmed unless the facts compel an inference that the claimant was an independent contractor. Such is plainly not the case here.

Neither the circumstances in which the claimant became associated with the respondent nor the manner in

which the work was performed presents conditions incompatible with the status of an employee. The respondent points out that the claimant was free to set his own hours. The significance of that circumstance is diluted, however, by the consideration that the claimant was entitled to be paid only upon completion of the job. The respondent also notes that there was no foreman continuously present at the job site. In view of the claimant's recognized skill and experience, none was needed. (*Lawrence v. Industrial Com.* (1945), 391 Ill. 80, 88.) Ortman was in charge of the job, moreover, and when a substantial change in the specifications was requested by Guthrey it was Ortman, acting on behalf of the respondent, who evaluated it, not the claimant. Nor is the claimant's use of his own tools on the job to be judged inconsistent with his status as an employee. *Lawrence v. Industrial Com.* (1945), 391 Ill. 80, 88.

The respondent admittedly did business as a general contractor and advertised itself as such. The claimant was not shown to advertise himself as a contractor or to maintain any office of his own. (*Mastercraft Co. v. Industrial Com.* (1974), 58 Ill. 2d 155, 157.) While the failure of the respondent to deduct for withholding tax is relevant (*Penny Cab Co. v. Industrial Com.* (1975), 60 Ill. 2d 217, 219), it is not decisive, as the affirmance in *Penny Cab Co.* demonstrates. The claimant did not work on jobs other than those obtained through the respondent. And unlike the situations presented in *Henn v. Industrial Com.* (1954), 3 Ill. 2d 325, 329, *Coontz v. Industrial Com.* (1960), 19 Ill. 2d 574, 578, and *Standard Accident Insurance Co. v. Industrial Com.* (1968), 39 Ill. 2d 172, 174, the work performed by the claimant was an integral part of the regular business of the respondent. See 1A A. Larson, Workmen's Compensation sec. 45.10.

The evidentiary setting here is clearly distinguishable from that in *Alexander v. Industrial Com.* (1978), 72 Ill. 2d

444, also decided in this term of court, where we said there was no persuasive evidence that the claimant was an employee under the Workmen's Compensation Act.

The respondent complains that the arbitrator permitted Vording, over objection, to answer the question for whom he was working, to which the witness replied, "Kirkwood Brothers Construction," but refused to permit cross-examination of Vording and of an officer of the respondent as to whether there had been any conversation between Vording and the respondent on the matter. We believe that the respondent was entitled to explore the basis of Vording's opinion, and assuming the arbitrator did err in restricting cross-examination, we are nevertheless satisfied, upon our review of the entire testimony before the arbitrator and the Commission, that the alleged error was not prejudicial.

The judgment of the circuit court is accordingly affirmed.

*Judgment affirmed.*