(No. 53510.—■■■■■■■■■)

PAUL A. NUSSBAUM, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Kenneth W. Greenwald *et al.*, Appellees).

*Opinion filed January 20, 1981.—Rehearing*
*denied March 27, 1981.*

158

SIMON, J., took no part.

Swain, Johnson & Gard, of Peoria (Tim Swain, of counsel), for appellant.

Jordan A. Fifield and Robert W. Bach, of Peoria (Goldsworthy & Fifield, of counsel), for appellee Kenneth W. Greenwald.

Julian E. Cannell and Phillip B. Lenzini, of Peoria (Kavanagh, Scully, Sudow, White & Frederick, of counsel), for appellee James D. Cole.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that at the time of his injury petitioner, Paul A. Nussbaum, was an independent contractor and that the relationship of employee and employer did not exist between him and respondents, Kenneth W. Greenwald, doing business as Kenneth W. Greenwald Construction, Ellis Dawkins, and James D. Cole, either jointly or individually. He dismissed petitioner's application for adjustment of claim and denied his claim for compensation. On review, after hearing additional testimony, the Industrial Commission affirmed and adopted the decision of the arbitrator. On *certiorari* the circuit court of Peoria County confirmed the decision of the Industrial Commission and petitioner appealed. 73 Ill. 2d R. 302(a).

Petitioner contends that the decision of the Industrial Commission that he was not an employee of the respondents was against the manifest weight of the evidence. He argues, too, that under the circumstances of this case, because respondent Dawkins did not carry compensation insurance, either respondent Greenwald or Cole is, or both of them are, responsible for his injuries. Respondents contend that at the time of the injury petitioner was an independent contractor and not an employee. Respondent Cole also argues that he had not elected to come under the provisions of the Workmen's Compensation Act, and that under the authority of *White v. Industrial Com.* (1966), 35 Ill. 2d 293, the provisions of the Act for automatic coverage do not apply. See Ill. Rev. Stat. 1977, ch. 48, par. 138.3.

The record shows that, while assisting Dawkins in

severing the remaining connections between a stump and tree which the two had previously felled, petitioner sustained injuries requiring the amputation of his right hand. The tree was situated on a lot on which Greenwald, as contractor, was constructing a home for Cole. Greenwald had employed Dawkins to remove the tree.

Dawkins had previously done work for Greenwald and had been paid varying sums depending upon the size of the job. He was paid a total of $125 for the removal of the tree. Greenwald did not think that it would be necessary for Dawkins to obtain any help to remove the tree. In the past when he had required help, his sons had assisted him in the work.

Dawkins talked with petitioner and it was agreed that petitioner would help Dawkins for $25. Dawkins agreed to supply a cable and petitioner agreed to use his one-ton dump truck to pull the tree down. When petitioner arrived at the scene a cable was already hooked to the top of the tree. Dawkins told petitioner that, in order to prevent the tree's falling on the house under construction, he wanted to put "a little tension" on the cable. The cable was attached to the front bumper of petitioner's truck so that he could reverse the truck as Dawkins sawed the tree. The tree was felled in that manner. It was not, however, completely disconnected from the trunk, and petitioner and Dawkins pushed or "rocked" the tree in order to disconnect it from the trunk. While they were doing so the tree came forward on petitioner, crushing his right hand, necessitating its amputation.

In *Morgan Cab Co. v. Industrial Com.* (1975), 60 Ill. 2d 92, 97-98, in considering the question whether the evidence showed that the claimant there was an employee or an independent contractor, the court said:

"No one factor may determine what the re-ationship is between parties in a given case. It may be necessary to consider a number of factors with

evidentiary value, such as the right to control the manner in which the work is done, the method of payment, the right to discharge, the skill required in the work to be done, and who provides tools, materials, or equipment. Of these factors the right to control the manner in which the work is done is the most important in determining the relationship. *Greenberg v. Industrial Com.,* 23 Ill. 2d 106; *Henn v. Industrial Com.,* 3 Ill. 2d 325; see also Weidner, *The Workmen's Compensation Act,* 1967 U. Ill. L.F. 21, 24-25."

In *Kirkwood Brothers Construction v. Industrial Com.* (1978), 72 Ill. 2d 454, 459, in defining the scope of judicial review of the decision of the Industrial Commission concerning whether a claimant is to be regarded as an employee or an independent contractor, the court said:

"The scope of judicial review of the Commission's decision in these cases, as in others where the claimant's status is drawn in question, was described in *Lawrence v. Industrial Com.* (1945), 391 Ill. 80, 85: '[W]here the evidence affecting such question is undisputed and is reasonably susceptible of but a single inference, the question what relation is thereby shown to exist is one of law. If the undisputed facts permit an inference either way, *** then the commission alone is empowered to draw the inference and its decision as to the weight of the evidence will not be disturbed on review.' (See also *Henn v. Industrial Com.* (1954), 3 Ill. 2d 325, 327; *Greenberg v. Industrial Com.* (1961), 23 Ill. 2d 106, 108; *Mastercraft Co. v. Industrial Com.* (1974), 58 Ill. 2d 155, 157). This principle is of course subject to the qualification that a finding by the Commission is to be set aside if it is against the manifest weight of the evidence. *Lawrence v. Industrial Com.* (1945),

391 Ill. 80, 84. See also 3 A. Larson, Workmen's Compensation sec. 80.20, at 15—413, sec. 80.41, at 15—452."

Applying the rules enunciated in the foregoing cases to this record, we are unable to say that the decision of the Industrial Commission is against the manifest weight of the evidence. In view of our conclusion we need not determine whether the respondents Greenwald and Cole are responsible for petitioner's injuries because of Dawkins' failure to carry workmen's compensation insurance. The judgment of the circuit court is affirmed.

*Judgment affirmed.*

MR. JUSTICE SIMON took no part in the consideration or decision of this case.