(No. 56367.—

BRIAN WENHOLDT, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Old Chicago Beer Gardens, Inc., Appellee).

*Opinion filed February 18, 1983.—Rehearing denied April 8, 1983.*

Cirricione, Block, Krockey & Cernugel, P.C., of Joliet (Michael D. Block and Michael N. Gorcowski, of counsel), for appellant.

Poulakidas, Poulakidas & Wood, of Chicago (Richard Wood and Richard W. Baum, of counsel), for appellee.

JUSTICE MORAN delivered the opinion of the court:

Claimant, Brian Wenholdt, sought workmen's compensation for an injury which he allegedly sustained while in the employ of respondent, Old Chicago Beer Gardens, Inc. (Beer Gardens). An arbitrator found that claimant failed to prove "the relationship of employee and employer existed between said [claimant] and said Respondent," and therefore denied compensation. On review, the Industrial Commission affirmed and adopted the decision of the arbitrator. The circuit court of Will County confirmed the decision of the Commission, and claimant brought a direct appeal to this court (73 Ill. 2d R. 302(a)).

The primary issue for review is whether an employer-employee relationship existed between claimant and respondent on the date of the accident.

Claimant testified that he was a musician with a band which was scheduled to perform at the Beer Gardens on December 1 and 2, 1978. The group was to be paid $250

for each performance. Claimant stated that, on December 2, 1978, he arrived at the Beer Gardens, parked his van, and began unloading his equipment. He was subsequently informed, by the owner of the Beer Gardens, that he was blocking a fire door and would have to park in another location. Claimant parked his van in a different area in the parking lot. As he was walking back to the tavern, he slipped on some ice and fell, suffering a fractured ankle. Claimant further stated that the Beer Gardens is located in the building referred to as "Old Chicago." Also located in the building are numerous shops and an amusement park.

On cross-examination, claimant testified that no one directed him as to where he should park. The parking lot in which he was injured is available for use by anyone who visits any of the establishments in Old Chicago. He also stated that he was hired to perform by the band leader, not respondent. He bought and maintained his own equipment and rehearsed at the band leader's home. No representative of the Beer Gardens attended the rehearsals, told the group how it should rehearse, or directed the music to be played. The band established its own dress code for performances. Claimant indicated that, wherever they performed, the tavern owner paid the band leader, who in turn paid the other members of the group. No social security or other taxes were withheld from claimant's pay.

He further testified that only respondent and the band leader executed a written contract relative to the performances. The contract was a standard form used by the American Federation of Musicians. After being signed by the band leader, the contract was shown to the other members of the group.

Claimant asserts that, by virtue of the contract, he was an employee of respondent at the time of the accident. Claimant directs our attention to clause six of the

contract, which states:

> "The Employer shall at all times have complete supervision, direction and control over the services of musicians on this engagement and expressly reserves the right to control the manner, means and details of the performance of services by the musicians including the leader as well as the ends to be accomplished. If any musicians have not been chosen upon the signing of this contract, the leader shall, as agent for the Employer and under his instructions, hire such persons and any replacements as are required."

It is contended that this contract grants to respondent the right of control and establishes, as a matter of law, an employer-employee relationship. It is further argued that, even if conflicting inferences could be drawn from the evidence, the facts indicate that claimant was an employee of respondent. Claimant asserts that respondent had the right of control, regardless of whether it exercised that right, and this is the most significant factor in determining the parties' status.

Respondent argues that the contract does not unambiguously establish an employer-employee relationship, because the language in clause six is contradicted by other language. Clause seven states that any dispute arising out of the contract must be submitted to an arbitrator. Another clause requires an employer who breaches the contract to pay the musicians damages, interest, and attorney fees. Respondent therefore contends that conflicting inferences can be drawn as to claimant's status, and whether he was an employee or not on the date of his accident is a question of fact.

We find no merit to respondent's contention that the arbitration and damages clauses of the contract indicate that claimant is an independent contractor. These provisions could be included in the contract regardless of claimant's status. What is more significant is that claimant was not a party to the contract and, in fact, was unaware of it until

after the contract was executed.

Further, a contractual agreement is a factor to consider in determining a party's status, but it does not, as a matter of law, establish an employer-employee relationship. In *Bauer v. Industrial Com.* (1972), 51 Ill. 2d 169, claimant, who made deliveries for a pizzeria, entered into a contract which denied respondent the right to exercise any control over him. In determining that claimant was an independent contractor, this court stated:

> "Respondents exercised no control over claimant and, contractually, were denied the right to exercise control. Respondents required only that their products be delivered as rapidly as possible and the drivers were free to choose any route they desired in order to fulfill this requirement. We further note that each driver was paid according to the number of deliveries he made. Claimant had to supply his own car with equipment to keep the food warm as well as pay his own expenses which included automobile insurance with extended coverage for business usage." (51 Ill. 2d 169, 172.)

Thus, the contract was just one factor taken into account in determining claimant's status. It was not the sole consideration.

There is no inflexible rule for determining whether an individual is an employee or an independent contractor. (*Bauer v. Industrial Com.* (1972), 51 Ill. 2d 169, 171.) "No one factor may determine what the relationship is between parties in a given case. It may be necessary to consider a number of factors with evidentiary value, such as the right to control the manner in which the work is done, the method of payment, the right to discharge, the skill required in the work to be done, and who provides tools, materials, or equipment." (*Morgan Cab Co. v. Industrial Com.* (1975), 60 Ill. 2d 92, 97.) Also to be considered is whether the workman's occupation is related to that of the employer (*Henry v. Industrial Com.* (1952), 412 Ill. 279, 283; see 1C A. Larson, Workmen's Compensation sec.

45.10 (1980)), and whether the employer deducted for with-holding tax (*Kirkwood Brothers Construction v. Industrial Com.* (1978), 72 Ill. 2d 454, 460; see *Penny Cab Co. v. Industrial Com.* (1975), 60 Ill. 2d 217, 219). It has been held that the right to control the work is the single most important factor in determining the parties' relationship. *Bauer v. Industrial Com.* (1972), 51 Ill. 2d 169, 172.

Clause six of the contract purports to grant to respondent a complete right of control over the band. In fact, respondent did not exert any control over claimant. Indeed, all of the other significant factors support the conclusion that claimant was an independent contractor. The band leader had the right to hire and replace (and thus implicitly fire) claimant. He actually controlled the manner in which the work was done. Further, claimant provided his own equipment, was compensated "by the job" as opposed to on a time basis, and had no withholding taxes deducted. Contrary to claimant's assertion, his occupation is not related to that of the employer. Claimant is a musician and respondent operates a tavern.

Considering all of these relevant factors, we do not believe that the Commission's decision was against the manifest weight of the evidence. (See *Rogers v. Industrial Com.* (1980), 83 Ill. 2d 221.) Accordingly, the judgment of the circuit court of Will County is affirmed.

*Judgment affirmed.*

JUSTICE SIMON, dissenting:

I disagree with the majority's conclusion of law and its summary treatment of most of the facts in this case. I would remand the cause to the Industrial Commission for entry of an award.

The employment contract in this case expressly provided that the tavern owner had complete supervision, direction and control over the services of the claimant and the right to control the manner, means and details of the performance of services by the claimant. It is anomalous

that the majority, in determining the effect of such a contract, should rely so heavily on a case involving a contract which stated the opposite. That case is *Bauer v. Industrial Com.* (1972), 51 Ill. 2d 169, in which the contract provided that the alleged employer was denied the right to exercise any control over the claimant.

Perhaps the tavern owner did not attempt to exercise control over the claimant and the other musicians, but under the terms of the contract he could have had he wanted to. The majority contends the claimant was paid on a job basis and not on a time basis. It is true that the musicians were paid a flat sum for each performance, but this does not mean that the contract did not state how many hours the musicians would perform each night, or assign specific hours as work hours.

Contrary to the majority's conclusion, I believe that the claimant's occupation is closely related to that of the tavern owner. The respondent operated a tavern in which entertainment was provided to attract customers. That was the tavern owner's business, and the claimant participated in that business by being part of the entertainment. The fact that withholding taxes were not deducted by the tavern owner from the claimant's compensation should not be found determinative. See *Penny Cab Co. v. Industrial Com.* (1975), 60 Ill. 2d 217, holding that this fact, while relevant, is of secondary importance where a municipal ordinance imposed an employer-employee relationship on the parties as if by contract.

In *McClure Engineering Associates, Inc. v. Reuben H. Donnelley Corp.* (1983), 95 Ill. 2d 68, also decided this day, we herald the "widespread policy of permitting competent parties to contractually allocate business risks as they see fit." (95 Ill. 2d 68, 72.) The majority in this case correctly observes that "the right to control the work is the single most important factor in determining the parties' relationship." (95 Ill. 2d at 81.) When the parties enter into a con-

tract stating that it is the tavern owner who has the right to control the work of the musicians, I do not understand why we should not respect the contractual relationship the parties agreed to and declare that the parties are governed by it.

The decision as to whether the relationship between the parties should be governed by their contract is a matter of law rather than one of fact, and for that reason we are not bound by the Industrial Commission's conclusion. Nor is it necessary for us in reversing the Commission to declare that the Commission's decision was against the manifest weight of the evidence. I would reverse the circuit court and the Industrial Commission on the basis of the clear terms of the contract, which the conduct of the parties did not in any way contradict.