SANKEY BROTHERS, INC., Appellant and Cross-Appellee, v. THE INDUSTRIAL COMMISSION (Iroquois Paving Corporation *et al.*, Appellees (Iroquois Paving Corporation *et al.*, Cross-Appellants; William Osborne *et al.*, Cross-Appellees)).

Third District (Industrial Commission Division) No. 3—87—0330WC

Opinion filed April 11, 1988.

Roy G. Wilcox, of Hutton, Laury, Hesser & Lietz, of Danville, for appellant.

Robert J. Banks, Jr., of Sebat, Swanson, Banks, Garman & Townsley, of Danville, for appellees Iroquois Paving Corporation and Liberty Mutual Insurance Company.

David Harrison, of Scheele, Cornelius & Associates, Ltd., of LaGrange, for appellee William E. Osborne.

JUSTICE McNAMARA delivered the opinion of the court:

After suffering a back injury at work, claimant William E. Osborne filed an application for adjustment of claim, seeking worker's compensation benefits. The general contractor at the jobsite, Sankey Brothers, Inc., paid claimant temporary compensation and medical benefits while the application was pending. However, the subcontractor, Iroquois Paving Company, was later found to be claimant's actual em-

ployer. An arbitrator awarded claimant $373.30 per week for life for permanent total disability benefits after finding Iroquois was claimant's employer and ordered Iroquois to pay attorney fees as a penalty. The Industrial Commission affirmed the arbitrator's award and decision that Iroquois was the employer, but reversed the finding that Sankey was entitled to either attorney fees or reimbursement of the temporary compensation and medical expenses it had paid claimant. The circuit court of Iroquois County confirmed the Commission's decision.

On appeal, Sankey contends that no permanent disability was proved, and that, as the nonemployer, it is entitled to reimbursement for the temporary compensation and medical expenses from the employer, Iroquois, or from the employer's insurer, Liberty Mutual Insurance Company. Iroquois and its insurer filed a cross-appeal contending that no permanent disability on the part of claimant was proved, and that, because Iroquois was not the employer, Sankey had no right to reimbursement. Claimant as appellee in both appeals argues that he had proved permanent disability and that either Sankey or Iroquois was his employer.

Since the filing of the briefs, Iroquois and claimant have entered into a settlement agreement which has been approved by the Commission. Along with this opinion, we are filing an order dismissing the appeal and cross-appeal as they pertain to claimant. Consequently, we need only address the dispute between Sankey and Iroquois.

On October 21, 1981, claimant was injured at work. While the claim for benefits was pending, Sankey paid $42,246.29 in disability benefits and $9,186.24 for medical benefits under the Worker's Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 et seq.).

The record as to claimant's employment reveals that Sankey was awarded a State contract for road improvements. State law required Sankey to retain 51% of the work. Sankey entered into a subcontract with Iroquois for a portion of the job. The subcontract provided that Sankey perform the job with at least 51% of its own workers and that Sankey's superintendent would have full authority to direct performance of the work. Sankey's superintendent was in charge of all construction operations "regardless of who perform[ed] the work."

Claimant was the working foreman on that part of the job which Iroquois had contracted to perform. Iroquois brought claimant 180 miles from Watseka to the job, and he was the only person brought from the Kankakee hiring hall. Other employees were hired locally. Claimant had worked for Iroquois for 11 years. Iroquois controlled the manner in which claimant worked, the hours which he worked, the

days which he worked, and the location he worked. The time records completed by claimant were not written on forms used by Sankey. Iroquois personnel directly supervised claimant in his daily work. At all times claimant worked only on the portion of the job which Iroquois controlled under its contract with Sankey. Iroquois also claimed the power to hire or fire claimant.

Sankey carried claimant on its payroll. All payroll information was given to Roy Schleyhan, a superintendent for Sankey. Iroquois carried no employees for this job on its own payroll. Sankey charged back to Iroquois all payroll payments, including withholding, social security, public liability and property damage insurance, worker's compensation insurance premiums incurred by Sankey as a result of carrying these workers on its payroll, and all other payroll deductions. Iroquois provided Sankey with a certificate showing workers' compensation insurance.

■ We first address the issue raised by Iroquois in its cross-appeal that the Commission erred in finding Iroquois to be claimant's employer and in finding that claimant was not a loaned employee. (See Ill. Rev. Stat. 1985, ch. 48, par. 138.1(a)(4).) Whether or not an employer-employee relationship exists is a question of fact, and the Commission's determination will not be set aside unless contrary to the manifest weight of the evidence. (*Lister v. Industrial Comm'n* (1986), 149 Ill. App. 3d 286, 500 N.E.2d 134.) The most important factor controlling this determination is the right to control the manner in which the work is done. (*Wenholdt v. Industrial Comm'n* (1983), 95 Ill. 2d 76, 447 N.E.2d 404.) Other factors with significant evidentiary value include method of payment, right to discharge, skill required in the work to be done, who provides tools, materials or equipment, whether the worker's occupation is related to that of the alleged employer, and whether the alleged employer deducted for withholding tax. *Lister v. Industrial Comm'n*, 149 Ill. App. 3d 286, 500 N.E.2d 134.

■ We hold that there is ample evidence in the record to support the Commission's determination that Iroquois was claimant's employer.

Iroquois controlled claimant's work activities, including the manner in which he worked, the days and hours which he worked, and the location where worked. The time records were kept by Iroquois. Iroquois personnel directly supervised claimant, and claimant worked only on the portion of the job which Iroquois controlled under its contract with Sankey. Iroquois retained the power to terminate claimant's employment.

In regard to the method of payment, Iroquois relies heavily on the

fact that Sankey carried claimant on its payroll. Significantly, however, on periodic charges Sankey charged back to Iroquois all payroll payments, including all payroll deductions. The Commission was entitled to find that it was Iroquois which actually paid claimant's salary.

In regard to claimant's relationship with Iroquois, the record shows that Iroquois brought claimant 180 miles from the Kankakee hiring hall. All other employees were hired locally. Claimant worked for Iroquois for 11 years. Clearly Iroquois' relationship with claimant differed substantially from his relationship with Sankey. The Commission's finding that Iroquois employed claimant is not against the manifest weight of the evidence.

Sankey argues that if it is not the employer, Iroquois should reimburse Sankey for the $51,432.53 it has paid claimant. Iroquois concedes that the Commission is empowered to order reimbursement where it is due. See *Foglio v. City of Chicago* (1923), 229 Ill. App. 472.

■ Section 1(a)(3) of the Act provides that where any person engages a contractor or subcontractor, that person is liable to pay compensation to the employees of the contractor or subcontractor until that contractor has insurance. "In the event any such person pays compensation *** he may recover the amount thereof from the contractor or subcontractor, if any, and in the event the contractor pays compensation under this subsection, he may recover the amount thereof from the subcontractor, if any." (Ill. Rev. Stat. 1985, ch. 48, par. 138.1(a)(3).) Therefore, Iroquois must reimburse to Sankey $51,432.53 for the temporary compensation and medical expenses paid to claimant. The Commission erred in denying Sankey this reimbursement.

Because Sankey raised no question regarding attorney fees in its opening brief, we will not address that issue.

Accordingly, that portion of the judgment of the circuit court of Iroquois County confirming the decision of the Industrial Commission denying Sankey Brothers reimbursement from Iroquois Paving for compensation and benefits paid to claimant William Osborne is reversed, and the cause is remanded to the Commission for the entry of an appropriate order. That portion of the judgment finding claimant to be an employee of Iroquois Paving is affirmed.

Affirmed in part, reversed in part and remanded.

BARRY, P.J., and WOODWARD, McCULLOUGH, and CALVO, JJ., concur.