YOUNG AMERICA REALTY, Appellant, v. THE INDUSTRIAL COMMIS-SION *et al.* (Richard Logston, Appellee).

Fourth District (Industrial Commission Division)   No. 4—89—0751WC

Opinion filed June 26, 1990.

Costigan & Wollrab, P.C., of Bloomington (Guy C. Fraker, of counsel), for appellant.

Law Offices of Mike McElvain, and Robert Williams, Ltd., both of Bloomington (Mike McElvain, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Claimant, Richard Logston, sought worker's compensation benefits (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*) for accidental injuries he alleged arose out of and in the course of his employment with respondent, Young America Realty. Respondent disputed the existence of an employer-employee relationship between it and claimant. The arbitrator found that claimant was respondent's employee and awarded medical expenses and temporary total disability benefits in the sum of $240 per week for 16⁶/₇ weeks. The findings and award of the arbitrator were affirmed by the Industrial Commission (Commis-

sion). The circuit court of McLean County confirmed the decision of the Commission. Respondent appeals.

The sole issue on appeal is whether claimant, a carpenter, was an independent contractor rather than an employee of respondent for purposes of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.1 *et seq.*).

The facts are undisputed. Respondent is in the business of managing apartment buildings for passive investors, and additionally, operates a real estate sales business. As part of its business, respondent leases properties, collects rents, and does routine maintenance work and some remodeling. Respondent ordinarily employs five individuals. Each of these individuals is on a salary and receives fringe benefits, including paid vacations. Respondent's employee foreman is Byron Stoller, who oversees routine maintenance.

In February 1988, respondent managed a property located at 107 West Locust Street in Normal, Illinois. The owner of the property wanted a new roof added to the building on the property. Respondent sought bids for the job, but the bids were too high, and respondent elected to hire someone to do the job.

Claimant, a carpenter and aluminum siding worker, heard there might be roofing work available with respondent. On February 14, 1988, he went to the property. Work had already commenced on the roofing project when claimant arrived. Stoller was on the roof working when claimant arrived at the jobsite. Claimant spoke with Stoller and informed him that he knew how to cut rafters and how to design and build the desired roof.

Stoller engaged claimant to complete the project. He cleared·his hiring of claimant with respondent's owner. Claimant was to be paid $8 per hour for his work. Stoller stated, however, that he did not discuss hourly wages with claimant, nor did he discuss whether respondent would withhold taxes from claimant's pay, whether there was to be a written contract, or whether this project was to be the only work claimant was to do for respondent.

Claimant began work on February 14. Stoller told claimant what kind of roof the owner of the property wanted and what the pitch of the roof was to be. Claimant then made the various cutting determinations. Respondent provided all materials, tools, and equipment, except for claimant's hammer and carpenter's pouch. Stoller was on the job at all times that claimant worked. Stoller told claimant when to report to work and when to quit for the day.

On February 18, claimant was working on tacking the edges to the roof. Stoller testified that he told claimant that they would have

to put on the edge from ladders off the ground. Following this comment, claimant informed Stoller that he had ladders and scaffolding on his truck. Up to then, respondent had provided ladders, but those ladders were not big enough. Claimant had ladders which were big enough. Claimant stated that he always carried the ladders on his truck.

Claimant set up a scaffold using his own ladders and scaffolding board. He stated, however, that setting up a scaffold is not part of a carpenter's job, and that anybody could set up a scaffold. While claimant was working on the scaffold, it collapsed and he fell approximately 10 feet, injuring his left hip. The injury resulted in a temporary disability.

On appeal, respondent contends that the Commission's determination that claimant was an employee rather than an independent contractor was against the manifest weight of the evidence. Respondent bases this contention on the following: respondent did not in fact control claimant's method and manner of operation; respondent was not in the business of roof construction; respondent did not withhold taxes or social security from claimant's check; respondent did not provide claimant with any fringe benefits; respondent did not supply the scaffolding from which claimant fell; and respondent did not indicate to claimant that he would.be retained for future work.

■■ There is no inflexible rule for determining whether an individual is an employee or an independent contractor. (See *Wenholdt v. Industrial Comm'n* (1983), 95 Ill. 2d 76, 447 N.E.2d 404; *Ragler Motor Sales v. Industrial Comm'n* (1982), 93 Ill. 2d 66, 442 N.E.2d 903; *Earley v. Industrial Comm'n* (1990), 197 Ill. App. 3d 309; *Area Transportation Co. v. Industrial Comm'n* (1984), 123 Ill. App. 3d 1096, 465 N.E.2d 533.) When elements of both the relationship of employee and of independent contractor are present and the facts permit an inference either way, the Commission alone is empowered to draw the inferences, and its decision as to the weight of the evidence will not be disturbed on review. *Greenberg v. Industrial Comm'n* (1961), 23 Ill. 2d 106, 178 N.E.2d 646; *Earley v. Industrial Comm'n*, 197 Ill. App. 3d 309.

■■■ The determination of whether a claimant is an independent contractor or an employee is crucial for it is the initial decision of the employment status of a claimant which determines whether he is entitled to compensation benefits. (*Alexander v. Industrial Comm'n* (1978), 72 Ill. 2d 444, 381 N.E.2d 669; *Earley v. Industrial Comm'n*, 197 Ill. App. 3d 309.) Some of the factors which must be considered in making this determination include the following: the right to con-

trol the manner in which the work is done; the method of payment; the right to discharge; the skill required in the work to be done; who provides tools, materials, or equipment; whether the workman's occupation is related to that of the alleged employer; and whether the alleged employer deducted for withholding tax. (*Wenholdt v. Industrial Comm'n*, 95 Ill. 2d 76, 447 N.E.2d 404; *Lister v. Industrial Comm'n* (1986), 149 Ill. App. 3d 286, 500 N.E.2d 134.) The right to control the manner in which the work is done is the most important factor in determining the relationship. (*Globe Cab Co. v. Industrial Comm'n* (1981), 86 Ill. 2d 354, 427 N.E.2d 48; *Area Transportation Co. v. Industrial Comm'n*, 123 Ill. App. 3d 1096, 465 N.E.2d 533; *Yellow Cab Co. v. Industrial Comm'n* (1984), 124 Ill. App. 3d 644, 464 N.E.2d 1079.) Nonetheless, in determining whether an individual is an independent contractor or an employee, no one factor is determinative. *Wenholdt v. Industrial Comm'n*, 95 Ill. 2d 76, 447 N.E.2d 404.

■ We find that there is ample evidence to support the Commission's finding that claimant was respondent's employee. At the time claimant was engaged to complete the roofing project, respondent already had begun work on that project. Respondent directed the style of construction and controlled claimant's work hours. Moreover, respondent at all times supervised the project. In fact, on the day claimant was injured, respondent's foreman was working with claimant on the roof. Stoller suggested that the day's tasks should be completed by using a ladder and affixing the roofing edge from the bottom. Following this suggestion, claimant volunteered the use of his ladder and scaffolding equipment. At all times prior to this incident, claimant used respondent's equipment, materials and tools, the sole exceptions being claimant's own hammer and carpenter's pouch.

In view of this evidence, we conclude that respondent exerted a significant degree of control over the means by which claimant accomplished his work. (See *Lister v. Industrial Comm'n*, 149 Ill. App. 3d 286, 500 N.E.2d 134.) Although claimant controlled the detail of the project, the record amply supports the conclusion that respondent more than merely hired claimant to complete the project. Rather, respondent directly oversaw the project on a daily basis.

■ We recognize that there were other factors which were indicative of an independent contractor relationship. For example, respondent did not deduct for withholding tax or for social security. The failure to withhold, however, is not decisive. (See *Kirkwood Brothers Construction v. Industrial Comm'n* (1978), 72 Ill. 2d 454, 381 N.E.2d 697; *Penny Cab Co. v. Industrial Comm'n* (1975), 60 Ill. 2d 217, 326 N.E.2d 393.) Similarly, respondent's failure to provide fringe benefits

and its failure to indicate whether claimant would be engaged for future projects are not decisive. The Commission was entitled to accord these factors little weight in view of the other factors presented. That is, when reasonable inferences from the facts may be drawn either in favor of or against an employment relationship, the award of the Commission must be upheld. (*Greenberg v. Industrial Comm'n*, 23 Ill. 2d 106, 178 N.E.2d 646.) In our view, the factors which respondent cites as supportive of a finding that claimant was an independent contractor are not sufficient to compel this court to rule contrary to the Commission. The Commission had ample evidence to support its conclusion that claimant was an employee at the time of his accident. We will not disturb that conclusion.

For the foregoing reasons, the judgment of the circuit court of McLean County is affirmed.

Judgment affirmed.

BARRY, P.J., and WOODWARD, McCULLOUGH, and LEWIS, JJ., concur.